COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-06-102-CV

 

 

IN THE INTEREST OF H.B. AND E.H.,                                                      

CHILDREN

 

                                              ------------

 

           FROM THE 323RD
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                   MEMORANDUM OPINION[1]
ON REHEARING

 

                                              ------------

Following the issuance of our original opinion,
Mother filed a motion for rehearing questioning our standing analysis and
requesting that we clarify whether the standing issue is Aover for
all parents or just for Mother.@  We deny Mother=s motion
for rehearing, withdraw our prior opinion and judgment, and substitute this
one.

I.  Introduction








Appellant, mother of H.B. and E.H., appeals the
termination of her parental rights.  In a
single issue, Mother argues that the trial court erred by denying her motion to
extend the dismissal deadline because the legislative dismissal deadlines
constitute a violation of the separation of powers provision of the Texas
Constitution.  Because we hold that,
based on the circumstances in this case, Mother=s
constitutional claim is not ripe, we will affirm.

II.  Procedural Background

On April 28, 2005, the Texas Department of Family
and Protective Services (TDFPS) filed its original petition to terminate the
parent-child relationship between Mother and H.B. and E.H., alleging that
termination was in the children=s best
interest because Mother had committed one or more of the following acts:  knowingly placed or knowingly allowed the
children to remain in conditions or surroundings which endangered their
physical or emotional well-being, engaged in conduct or knowingly placed the
children with persons who engaged in conduct which endangered the children=s
physical or emotional well-being, executed an unrevoked or irrevocable
affidavit of relinquishment of parental rights, or constructively abandoned the
children.[2]
That same day, the trial court signed an AOrder
for Protection of a Child in an Emergency and Notice of Hearing,@ setting
a full adversary hearing for May 10, 2005. 









At the full adversary hearing, the trial court appointed
TDFPS as temporary managing conservator of H.B. and E.H.  Thus, the trial court subsequently determined
on November 17, 2005 at the permanency hearing that the statutory one-year
dismissal date for any proceeding to terminate Mother=s
parental rights to H.B. and E.H. was May 1, 2006.[3]


Although TDFPS=s
initial service plan for the children sought family reunification or placement
of the children with a relative, on November 17, 2005, the trial court held a
permanency hearing and found that Mother had not demonstrated adequate and
appropriate compliance with the service plan; the trial court then set a March
13, 2006 trial date.  Approximately two
weeks prior to trial, TDFPS changed the service plan to add a requirement that
Mother avail herself of particular mental health services.








Based on this change in the service plan, Mother
filed a motion for a six-month extension of the one-year statutory dismissal
date so that she could have the opportunity to comply with the mental health
provisions added to the service plan.[4]  The trial court conducted a hearing on Mother=s motion
and denied it.  This hearing was not
reported.  Mother reurged her motion
prior to commencement of the bench trial;[5]
TDFPS opposed Mother=s motion, arguing that Athere=s a
great possibility I won=t be able to prove mental health
grounds,@ and AI=ll be
asking the Court to terminate on D & E grounds. . . . And that=s what I=ll be
proceeding on.@ 
The trial court again denied Mother=s motion
for a six-month extension. 








After a two-day bench trial, the trial court
found that Mother had knowingly placed or knowingly allowed the children to
remain in conditions or surroundings which endanger their physical or emotional
well-being, that Mother had engaged in conduct or knowingly placed the children
with persons who engaged in conduct which endangered the children=s
physical or emotional well-being, that Mother had constructively abandoned the
children, and that there was clear and convincing evidence that termination of
the parent-child relationship was in the children=s best
interest.  But the trial court granted
Mother a directed verdict on the mental health grounds alleged by TDFPS.  The trial court signed an order terminating
the parent-child relationship between Mother and H.B. and E.H.  Mother subsequently filed a motion for new
trial and a notice of appeal. 

III.  Ripeness

 

Before a court decides an issue involving the
constitutionality of a statute, it must first assure itself that the party
raising such a claim has presently been injured by the statute.  Meshell v. State, 739 S.W.2d 246, 250
(Tex. Crim. App. 1987).   Under the
ripeness doctrine, we consider whether, at the time a lawsuit is filed, the
facts are sufficiently developed Aso that
an injury has occurred or is likely to occur, rather than being contingent or
remote.@  Waco ISD v. Gibson, 22 S.W.3d 849, 851‑52
(Tex. 2000).  By focusing on the concrete
injury, the ripeness doctrine allows courts to avoid premature adjudication and
serves the constitutional interests in prohibiting advisory opinions.  Id. 
Courts are not authorized to render advisory opinions on issues not
necessary to a disposition of an appeal. 
See Tex. R. App. P.
47.1; McAllen Med. Ctr., Inc. v. Cortez, 66 S.W.3d 227, 232 (Tex. 2001)
(holding courts have no jurisdiction to issue advisory opinions); Valley
Baptist Med. Ctr. v. Gonzalez, 33 S.W.3d 821, 822 (Tex. 2000) (same); Tex.
Ass'n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 444 (Tex. 1993)
(same).








Here, it is undisputed that mother=s
request for the section 263.401 extension was based exclusively on TDFPS=s change
to her service plan, which added the requirement that Mother avail herself of
particular mental health services.  Mother
claimed that she needed more time to comply with this additional
requirement.  But TDFPS did not pursue
termination based on Mother=s  failure to comply with this aspect of her
service plan, and the trial court granted Mother a directed verdict on the
mental health grounds alleged by TDFPS. 
Consequently, as a matter of law Mother was not injured by section
263.401(a)=s time line.  Absent an actual injury from the operation of
section 263.401(a)=s time line, Mother=s
constitutional challenge to the statue is not ripe, and any opinion by this
court would be merely advisory.[6]  See, e.g., McAllen Med. Ctr., Inc., 66
S.W.3d at 232; Valley Baptist Med. Cetr., 33 S.W.3d at 822; Tex.
Ass'n of Bus., 852 S.W.2d at 444.  We
overrule Mother=s sole issue.

 

 








IV.  Conclusion

Having overruled Mother=s sole
issue, we affirm the trial court=s
judgment terminating her parental rights to H.B. and E.H.

 

SUE
WALKER

JUSTICE

 

PANEL F: GARDNER, WALKER,
and MCCOY, JJ.

 

DELIVERED: November 30,
2006

 











[1]See Tex. R. App. P. 47.4.





[2]On June 29, 2005, TDFPS
amended its original petition to add Mother=s mental or emotional illness or mental
deficiency as a ground for termination.





[3]Section 263.401(a) of the
family code mandates that the trial court dismiss the suit if a final order has
not been rendered or an extension under section 263.401(b) has not been granted
by the first Monday after the first anniversary of the date that the trial
court rendered a temporary order appointing TDFPS as temporary managing
conservator.  Tex. Fam. Code Ann. ' 263.401(a) (Vernon Supp. 2006).  Section 263.401(b) authorizes up to a 180-day
extension of the one-year deadline under certain circumstances.  Id. ' 263.401(b).





[4]Although both sides apparently
agree that such a motion was filed, the motion is not in our record, and the
trial court clerk has indicated that no such motion exists in the trial court
files.





[5]When asked if she was
ready to proceed to trial, Mother=s attorney announced that she was ready to
proceed subject to the motion for extension. 





[6]To the extent Mother=s complaint is a
straightforward challenge to the trial court=s refusal to grant a continuance of the
termination trial, the denial of a motion for a continuance is within the trial
court=s sound discretion.  See Villegas v. Carter, 711 S.W.2d
624, 626 (Tex. 1986).  And, given counsel
for TDFPS=s representation that he
was proceeding on AD and E@ grounds, not on the
added mental health grounds, no abuse of discretion occurred.