In The Interest of H.B. and E.H., Children

 

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-102-CV

IN THE INTEREST OF H.B. AND E.H., 

CHILDREN

------------

FROM THE 323RD DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1) ON REHEARING

------------

Following the issuance of our original opinion, Mother filed a motion for rehearing questioning our standing analysis and requesting that we clarify whether the standing issue is “over for all parents or just for Mother.”  We deny Mother’s motion for rehearing, withdraw our prior opinion and judgment, and substitute this one.

I.  Introduction

Appellant, mother of H.B. and E.H., appeals the termination of her parental rights.  In a single issue, Mother argues that the trial court erred by denying her motion to extend the dismissal deadline because the legislative dismissal deadlines constitute a violation of the separation of powers provision of the Texas Constitution.  Because we hold that, based on the circumstances in this case, Mother’s constitutional claim is not ripe, we will affirm.

II.  Procedural Background

On April 28, 2005, the Texas Department of Family and Protective Services (TDFPS) filed its original petition to terminate the parent-child relationship between Mother and H.B. and E.H., alleging that termination was in the children’s best interest because Mother had committed one or more of the following acts:  knowingly placed or knowingly allowed the children to remain in conditions or surroundings which endangered their physical or emotional well-being, engaged in conduct or knowingly placed the children with persons who engaged in conduct which endangered the children’s physical or emotional well-being, executed an unrevoked or irrevocable affidavit of relinquishment of parental rights, or constructively abandoned the children.
(footnote: 2) That same day, the trial court signed an “Order for Protection of a Child in an Emergency and Notice of Hearing,” setting a full adversary hearing for May 10, 2005.  

At the full adversary hearing, the trial court appointed TDFPS as temporary managing conservator of H.B. and E.H.  Thus, the trial court subsequently determined on November 17, 2005 at the permanency hearing that the statutory one-year dismissal date for any proceeding to terminate Mother’s parental rights to H.B. and E.H. was May 1, 2006.
(footnote: 3) 

Although TDFPS’s initial service plan for the children sought family reunification or placement of the children with a relative, on November 17, 2005, the trial court held a permanency hearing and found that Mother had not demonstrated adequate and appropriate compliance with the service plan; the trial court then set a March 13, 2006 trial date.  Approximately two weeks prior to trial, TDFPS changed the service plan to add a requirement that Mother avail herself of particular mental health services.

Based on this change in the service plan, Mother filed a motion for a six-month extension of the one-year statutory dismissal date so that she could have the opportunity to comply with the mental health provisions added to the service plan.
(footnote: 4)  
The trial court conducted a hearing on Mother’s motion and denied it.  This hearing was not reported.  Mother reurged her motion prior to commencement of the bench trial;
(footnote: 5) TDFPS opposed Mother’s motion, arguing that “there’s a great possibility I won’t be able to prove mental health grounds,” and “I’ll be asking the Court to terminate on D & E grounds. . . . And that’s what I’ll be proceeding on.”  The trial court again denied Mother’s motion for a six-month extension. 

After a two-day bench trial, the trial court found that Mother had knowingly placed or knowingly allowed the children to remain in conditions or surroundings which endanger their physical or emotional well-being, that Mother had engaged in conduct or knowingly placed the children with persons who engaged in conduct which endangered the children’s physical or emotional well-being, that Mother had constructively abandoned the children, and that there was clear and convincing evidence that termination of the parent-child relationship was in the children’s best interest.  But the trial court granted Mother a directed verdict on the mental health grounds alleged by TDFPS.  The trial court signed an order terminating the parent-child relationship between Mother and H.B. and E.H.  Mother subsequently filed a motion for new trial and a notice of appeal. 

III.  Ripeness

Before a court decides an issue involving the constitutionality of a statute, it must first assure itself that the party raising such a claim has presently been injured by the statute.  
Meshell v. State
, 739 S.W.2d 246, 250 (Tex. Crim. App. 1987).   Under the ripeness doctrine, we consider whether, at the time a lawsuit is filed, the facts are sufficiently developed “so that an injury has occurred or is likely to occur, rather than being contingent or remote.”  
Waco ISD v. Gibson
, 22 S.W.3d 849, 851-52 (Tex. 2000).  By focusing on the concrete injury, the ripeness doctrine allows courts to avoid premature adjudication and serves the constitutional interests in prohibiting advisory opinions.  
Id.
  Courts are not authorized to render advisory opinions on issues not necessary to a disposition of an appeal.  
See
 
Tex. R. App. P.
 47.1; 
McAllen Med. Ctr., Inc. v. Cortez
, 66 S.W.3d 227, 232 (Tex. 2001) 
(holding courts have no jurisdiction to issue advisory opinions); 
Valley Baptist Med. Ctr. v. Gonzalez
, 33 S.W.3d 821, 822 (Tex. 2000) (same); 
Tex. Ass'n of Bus. v. Tex. Air Control Bd.
, 852 S.W.2d 440, 444 (Tex. 1993) (same).

Here, it is undisputed that mother’s request for the section 263.401 extension was based exclusively on TDFPS’s change to her service plan, which added the requirement that Mother avail herself of particular mental health services.  Mother claimed that she needed more time to comply with this additional requirement.  But TDFPS did not pursue termination based on Mother’s  failure to comply with this aspect of her service plan, and the trial court granted Mother a directed verdict on the mental health grounds alleged by TDFPS.  Consequently, as a matter of law Mother was not injured by section 263.401(a)’s time line.  Absent an actual injury from the operation of section 263.401(a)’s time line, Mother’s constitutional challenge to the statue is not ripe, and any opinion by this court would be merely advisory.
(footnote: 6)  
See, e.g., McAllen Med. Ctr., Inc.
, 66 S.W.3d at 232; 
Valley Baptist Med. Cetr.
, 33 S.W.3d at 822; 
Tex. Ass'n of Bus., 
852 S.W.2d at 444
.  We overrule Mother’s sole issue.

IV.  Conclusion

Having overruled Mother’s sole issue, we affirm the trial court’s judgment terminating her parental rights to H.B. and E.H.

SUE WALKER

JUSTICE

PANEL F: GARDNER, WALKER, and MCCOY, JJ.

DELIVERED: November 30, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
On June 29, 2005, TDFPS amended its original petition to add Mother’s mental or emotional illness or mental deficiency as a ground for termination.

3:
Section 263.401(a) of the family code mandates that the trial court dismiss the suit if a final order has not been rendered or an extension under section 263.401(b) has not been granted by the first Monday after the first anniversary of the date that the trial court rendered a temporary order appointing TDFPS as temporary managing conservator.  
Tex. Fam. Code Ann.
 § 263.401(a) (Vernon Supp. 2006).  Section 263.401(b) authorizes up to a 180-day extension of the one-year deadline under certain circumstances.  
Id
. § 263.401(b).

4:
Although both sides apparently agree that such a motion was filed, the motion is not in our record, and the trial court clerk has indicated that no such motion exists in the trial court files.

5:
When asked if she was ready to proceed to trial, Mother’s attorney announced that she was ready to proceed subject to the motion for extension. 

6:
To the extent Mother’s complaint is a straightforward challenge to the trial court’s refusal to grant a continuance of the termination trial, the denial of a motion for a continuance is within the trial court’s sound discretion.  
See Villegas v. Carter
, 711 S.W.2d 624, 626 (Tex. 1986).  And, given counsel for TDFPS’s representation that he was proceeding on “D and E” grounds, not on the added mental health grounds, no abuse of discretion occurred.