Opinion issued
December 1, 2011.



In
The

Court of
Appeals

For
The

First District
of Texas

————————————

NO. 01-10-00764-CV

———————————

Kenneth Yellowe, Appellant

V.

Vern
Wilson, Bashir Adaba, and Lere Ladeji, Appellee



 



 

On Appeal from the 281st
District Court

Harris County, Texas



Trial Court Case No. 2006-55839

 



 

 

MEMORANDUM
OPINION

 

          Kenneth
Yellowe appeals the trial court’s grant of a motion for summary judgment in
favor of Vern Wilson, Bashir Abada, and Lere Ladeji (collectively, the employees).  The employees sued Global Energy, Inc., and
Global Gas and Refining Limited, alleging breach of an employment contract and
Yellowe for tortious interference with contract.  After the parties made a settlement
agreement, the employees filed an amended petition asserting that Yellowe,
Global Energy, Inc., and Global Gas and Refining Limited breached the
settlement agreement.  The trial court
rendered summary judgment in favor of the employees for recovery of $240,000.00
in damages, attorney’s fees, and pre- and post-judgment interest from Yellowe,
Global Energy, Inc., and Global Gas and Refining Limited.  On appeal, Yellowe[1]
contends that the trial court erred by refusing to grant his motion for summary
judgment asserting a limitations defense to the employees’ tortious
interference claim and by granting the employees’ motion for summary judgment
on their claim for breach of the settlement agreement.  We conclude the trial court did not err by
concluding the settlement agreement is a valid and enforceable contract or by
declining to reach Yellowe’s motion for summary judgment but did err by
granting the employees’ summary judgment. 
Accordingly, we reverse and remand. 

Background

          The employees
worked for Global Energy, Inc. and its subsidiary Global Gas and Refining Ltd.
under employment contracts.  In their
employment contracts, the employees were to receive severance payments for a
period of ten years upon their termination. 
On December 31, 2003, Abada was terminated.  Wilson and Ladeji were terminated on April
30, 2004.  The employees received their
severance payments after their terminations until the payments were
discontinued by an order from Yellowe, who was also employed by Global Energy,
Inc. at the time.  The employees received
their last payment on July 31, 2004.  The
employees filed a breach of contract claim against Global Energy, Inc. and
Global Gas and Refining Ltd. (collectively “Global”), and a tortious
interference with contract claim against Yellowe.  In their original petition, the employees
claimed that Global breached their employment contracts by not paying the agreed
severance payments and that Yellow tortiously interfered with their employment
contracts with Global by discontinuing the severance payments.  

          Yellowe filed
a motion for summary judgment asserting the employees’ claims were barred by
limitations.  A hearing on the motion was
held and the trial court took the motion under advisement.  A few days after the summary judgment
hearing, Yellowe and Global reached a mediated settlement agreement with the
employees that stated the sum of $240,000.00 was “to be paid by or on behalf of
defendants within 90 days of the date of the memorandum of settlement.”

          In the
following months, Yellowe filed several motions with the trial court, asking
for the court to rule on his motion for summary judgment.  The employees amended their petition to add a
breach of contract claim based on the settlement agreement and filed a motion
for summary judgment based on breach of that contract.  After a summary judgment hearing, the trial
court granted the employees’ motion for summary judgment for breach of the
settlement agreement and rendered a final judgment against Yellowe and
Global.  The trial court ordered Yellowe
and Global to pay to the employees the $240,000.00 sum agreed upon in the
settlement agreement, plus pre- and post-judgment interest and attorney’s fees.  Yellowe appealed the decision of the trial
court.  Global does not challenge the
trial court’s decision.

Standard of Review

          We review a
trial court’s summary judgment de novo.  Travelers
Ins. Co. v. Joachim, 315
S.W.3d 860, 862 (Tex. 2010).  When
reviewing a summary judgment motion, we must (1) take as
true all evidence favorable to the nonmovant and (2) indulge every reasonable
inference and resolve any doubts in the nonmovant’s favor.  Valence Operating Co. v. Dorsett, 164 S.W.3d 656, 661 (Tex. 2005); Provident
Life & Accident Ins. Co. v. Knott,
128 S.W.3d 211, 215 (Tex. 2003).  In a
traditional summary judgment motion, the movant has the burden to show that no
genuine issue of material fact exists and that the trial court should grant
judgment as a matter of law.  Tex. R. Civ. P. 166a(c); KPMG Peat
Marwick v. Harrison Cnty. Hous. Fin. Corp., 988 S.W.2d 746, 748 (Tex. 1999). 




 

Validity of the Settlement Agreement

          In his third
issue, Yellowe contends that the settlement agreement is ambiguous and, because
the parties disagree on the meaning of the agreement, there was no meeting of
the minds necessary to form a valid enforceable contract.

          A settlement
agreement is a contract between parties, a breach of which gives rise to a cause of action for
breach of contract.  Padilla v. LaFrance, 907 S.W.2d 454, 461 (Tex. 1995).  To be entitled to summary judgment on this claim, the
employees were required to prove, as a matter of law, the following essential
elements: (1) the existence of a valid contract; (2) performance or tendered
performance by the plaintiff; (3) breach of the contract by the defendant; and
(4) damages sustained as a result of the breach.  See B & W Supply, Inc. v. Beckman, 305 S.W.3d 10, 16 (Tex. App.—Houston
[1st Dist.] 2009, pet. denied).  Parties
form a valid and enforceable contract when the following elements are present:
(1) an offer, (2) an acceptance in strict compliance with the terms of the
offer, (3) a meeting of the minds, (4) each party’s consent to the terms, and
(5) the execution and delivery of the contract with the intent that it be
mutual and binding.  See Winchek v.
Am. Express Travel Related Servs. Co.,
232 S.W.3d 197, 202 (Tex. App.—Houston [1st Dist.] 2007, no pet.); Hubbard
v. Shankle, 138 S.W.3d 474,
481 (Tex. App.—Fort Worth 2004, pet. denied). 
“Meeting
of the minds” describes the mutual understanding and assent to the agreement
regarding the subject matter and the essential terms of the contract.  Potcinske v. McDonald Prop. Invs., Ltd.,
245 S.W.3d 526, 530 (Tex. App.—Houston [1st Dist.] 2007, no pet.).  

          Yellowe
contends that there was no meeting of the minds in this case, because the
settlement agreement is ambiguous.  Whether a contract is ambiguous is a
question of law for the court.  J.M.
Davidson, Inc. v. Webster,
128 S.W.3d 223, 229 (Tex. 2003).  A
contract is not ambiguous if its wording permits a definite or certain legal
meaning.  DeWitt Cnty. Elec. Coop.,
Inc. v. Parks, 1 S.W.3d 96,
100 (Tex. 1999).  “[A]n ambiguity
does not arise simply because parties advance conflicting interpretations of
the contract.”  Wal-Mart Stores, Inc. v. Sturges, 52 S.W.3d 711, 728 (Tex. 2001); see also DeWitt Cnty. Elec. Coop., 1 S.W.3d at 100.  We
construe the parties’ intentions as expressed in the document, considering the
entire writing and attempting to harmonize and give effect to all of the
contract’s provisions with reference to the whole agreement.  Frost Nat’l Bank v. L & F Distribs.,
165 S.W.3d 310, 311–12 (Tex. 2005).  

          Yellowe contends that the following
provisions of the agreement create an ambiguity:

Plaintiffs Vern Wilson, Bashir Adaba, and Lere Ladeji
agree to settle any all claims against Global Energy, Inc., Global Gas and
Refining Limited a/k/a Global Energy Refining Limited and Kenneth Yellowe for
the sum of $240,000.00, said sum to be paid by or on behalf of defendants
within 90 days of the date of this Memorandum of Settlement.

 

This settlement is secured in an Agreed Judgment in favor
of plaintiffs and against Global Energy, Inc. (but no other defendants), in the
amount of $240,000.00.

 

Yellowe
contends that the latter provision, in which the judgment is secured only by an
agreed judgment against Global Energy, Inc., creates an ambiguity as to whether
only Global Energy, Inc., as opposed to Yellowe, is required to pay the
$240,000.00 sum required by the settlement agreement.  We disagree. 


          The plain language of the agreement states
the employees agree to settle any and all claims against Yellowe and the other
defendants for the sum of $240,000.00. 
The payment must be made “by or on behalf of” Yellowe and the other
defendants within 90 days.  The provision
regarding the agreed judgment does not address which parties are required to
make the $240,000.00 payment; rather, it expressly states that the payment is secured by an agreed judgment against
Global Energy, Inc.  The fact that only
one party provided security does not limit the preceding provision describing
who must make the payment and when.    The
two provisions set forth separate, distinct duties and are independent.  We conclude that the provisions identified by
Yellowe do not create an ambiguity and that the trial court correctly found
that the settlement agreement was valid and enforceable.  See Sturges, 52 S.W.3d at 728 (parties’
disagreement does not create ambiguity); see
also DeWitt Cnty. Elec.
Coop., 1 S.W.3d at 100 (contract not ambiguous if language of
contract permits definite meaning).       

Yellowe’s Motion for Summary Judgment

          In his first
issue, Yellowe contends that he preserved for appeal his complaint that the
trial court did not rule on his motion for summary judgment concerning his
affirmative defense of limitations to the lawsuit originally brought by the employees.  In his second issue, he contends that the
trial court erred by failing to grant his motion.

          We need not
decide Yellowe’s first issue.  Even if
Yellowe preserved this complaint for appeal, the trial court properly
determined that a valid and enforceable settlement agreement existed and that
the underlying case was settled.   Thus, there is no live controversy regarding the
employees’ claims under the employment contracts.  See Bd. of Adjustment v. Wende, 92 S.W.3d 424, 427 (Tex. 2002)
(holding that when parties have settled dispute, there is no longer a live
controversy between them, and case is moot); Williams v. Lara, 52 S.W.3d 171, 184 (Tex. 2001) (stating
if controversy ceases to exist, case becomes moot and “[i]f a case becomes
moot, the parties lose standing to maintain their claims.”).  A court is prohibited from deciding a moot
case.  See Valley Baptist Med. Ctr. v.
Gonzalez, 33 S.W.3d 821,
822 (Tex. 2000).  Because it found that
the employees’ claims under the employment contracts were rendered moot by the
settlement agreement, the trial court did not commit error by declining to reach
the merits of the employees’ claims or Yellowe’s affirmative defenses to those
claims.  See id.; see also Williams, 52 S.W.3d at 184. 

Summary
Judgment on the Settlement Agreement

          In his third issue, Yellowe
also asserts that the trial court erred by granting summary judgment because
there is no evidence to support the element of breach of the settlement
agreement.  The employees offered
evidence supporting this element in an affidavit from Wilson.  Wilson averred that “Defendants have wholly
failed to meet any of their obligations under the [settlement agreement].”  Yellowe objected to this statement as
conclusory, and the trial court sustained that objection. 

          As stated
above, the employees, to be entitled to summary judgment on their claim for
breach of the settlement agreement, were required to establish a breach of the agreement—that is, that
the sum of $240,000.00 had not been paid “by or on behalf of” Yellowe and
Global.  See B & W Supply, Inc., 305 S.W.3d at 16.  The only evidence the employees submitted in
support of this element was the single sentence in Wilson’s affidavit.  Because the trial court sustained the
objection to this evidence, the record contains no evidence that the employees
were not paid $240,000.00.  Accordingly,
we conclude that summary judgment was improper.




 

Conclusion

          We hold that
the trial court properly found the settlement agreement was unambiguous, valid,
and enforceable.  We further hold that
the trial court did not err in declining to rule on Yellowe’s motion for
summary judgment.  However, we hold that
the trial court erred by granting summary judgment on the employee’s breach of
the settlement agreement claim because no summary judgment evidence supports
the element of breach.  We reverse the
judgment of the trial court and remand this cause.

 

 

                                                                   Rebeca
Huddle

                                                                   Justice


 

Panel consists of Chief Justice Radack and
Justices Bland and Huddle.

 











[1]           Global
Energy, Inc., and Global Gas and Refining Limited have not appealed.