# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-14-00146-CV

**David Dewhurst, in his official capacity as President of the Texas Senate; Kevin Eltife, in his official capacity as Chairman of the Texas Senate Committee on Administration; Charlie Geren, in his official capacity as Chairman of the Texas House Committee on House Administration; and Joe Straus, in his official capacity as Speaker of the Texas House of Representatives, Appellants**

**v.**

**AgendaWise, Inc., Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 419TH JUDICIAL DISTRICT NO. D-1-GN-13-003521, HONORABLE STEPHEN YELONOSKY, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellants David Dewhurst, in his official capacity as President of the Texas Senate; Kevin Eltife, in his official capacity as Chairman of the Texas Senate Committee on Administration; Charlie Geren, in his official capacity as Chairman of the Texas House Committee on House Administration; and Joe Straus, in his official capacity as Speaker of the Texas House of Representatives (the officials) bring this interlocutory appeal challenging the denial of their plea to the jurisdiction. For the following reasons, we vacate the trial court's order denying the officials' plea to the jurisdiction and dismiss this case.

**BACKGROUND**

AgendaWise, a non-profit online media organization, sued the officials in October 2013, alleging constitutional violations related to the denial of its request for access to the Capitol's server room. *See* U.S. Const. amends. I, V, and XIV, § 1 (freedom of speech and press, due process, and equal protection); Tex. Const. art. 1, §§ 8, 19 (freedom of speech and press and due course of law). It asserted its claims under the Uniform Declaratory Judgments Act, *see* Tex. Civ. Prac. & Rem. Code §§ 37.001–.011, and section 1983 of Title 42 of the United States Code, *see* 42 U.S.C. § 1983. AgendaWise sought to enjoin the officials from denying it access to the Capitol's server room so that it could install equipment that would allow it to stream video feed of legislative proceedings on its website. AgendaWise's claims were based on another entity's access to the server room. Pursuant to a written agreement with the legislature, the other entity, the Texas Tribune, had equipment in the server room that allowed it to stream unedited video feed of legislative proceedings on its website.

In December 2013, the officials filed a plea to the jurisdiction based on sovereign immunity. AgendaWise filed a response to the plea and amended its petition to add a claim concerning the denial of the application of its employee, Weston Hicks, for a media pass for access to the House and Senate floors for the 2013-14 legislative session. AgendaWise alleged that the denial of the media pass deprived it of its rights to free speech and press and to due process under the First and Fourteenth Amendments "by arbitrarily and discriminatorily refusing to grant a media pass" to Hicks. *See* U.S. Const. amends. I, V, and XIV, § 1 (freedom of speech and the press and due process). AgendaWise sought a declaration that the officials had violated its rights under the United

2

States Constitution and requested prospective injunctive relief, "enjoining Defendants from denying Mr. Hicks' application and requiring that Defendants promptly issue a media pass to Mr. Hicks, on behalf of AgendaWise."

Under the House and Senate rules, members of the media must obtain a media pass to have access to the floors of the House and Senate when the legislature is in session. To obtain a pass under the House rules, a member of the media is required to submit an application to the House Business Office. *See* Tex. H.R. Rule 5, §§ 11 (privileges of House floor), 20 (addressing media access to House Chamber), 83d Leg., R.S.; *see also* Tex. S. Rules 2.02 (restricting admission to Senate floor while it is in session), 2.04 (addressing press correspondents' admission to Senate floor), 83d Leg., R.S. Hicks submitted his application to obtain a media pass for the 2013-14 session in February 2013 to the House Business Office, and AgendaWise submitted a letter several months later inquiring as to the status of the application. In a letter dated November 21, 2013, the manager of the House Business Office informed Hicks that his application was not approved, citing House Rule 5, section 20(a).[1] The manager also informed Hicks that "media credential ID badges are not required to monitor House floor proceedings from the House gallery and seating is open to the public" and that Hicks could appeal the determination. When the House Business Office denies an application for a media pass, the applicant may appeal the determination to the Committee on House Administration. Hicks did not appeal the determination.

---

[1] Section 20(a) of House Rule 5 states: "When the house is in session, no media representative shall be admitted to the floor of the house or allowed its privileges unless the person is a salaried staff correspondent, reporter or photographer regularly employed by a newspaper, a press association or news service serving newspapers, a publication requiring telegraphic coverage, or a duly licensed radio or television station or network." Tex. H.R. Rule 5, § 20(a), 83d Leg., R.S.

The officials amended their plea to the jurisdiction in February 2014 and addressed AgendaWise's claim concerning the media pass. The officials asserted that AgendaWise did not have standing and could not demonstrate a live controversy because its claim was moot with respect to the denial of the 2013-14 media pass and not ripe with respect to a 2015-16 media pass. The officials noted that the application process for a 2015-16 media pass had not begun and that Hicks did not appeal the denial of his application for the current session to the Committee on House Administration. The officials presented evidence to support their plea including an affidavit from the Executive Director of House Business Operations. In his affidavit, the Executive Director described the procedure for obtaining a media pass and uses of a media pass. He testified that passes issued by his office "are only valid for the current Legislative session" and that "no House Rule mandates that credentials are required to access House Committee meetings, which are generally open to the public." He further explained, "Applicants seeking a media credential for the next Legislative session will have to apply for a new credential when applications become available at the end of 2014."

AgendaWise filed a response to the amended plea to the jurisdiction. As to its claim based on the media passes, AgendaWise contended that its claim was not moot. Without the media pass, AgendaWise argued, it would be unable to access the floor of the House or Senate during any special legislative session occurring in 2014 and it had limited ability to access and report on committee hearings compared with other media entities. According to AgendaWise, many of the media passes were issued to reporters from online media entities similar to AgendaWise. AgendaWise further urged that, even if its claim were moot, it falls within the "capable of repetition yet evading review" exception to the mootness doctrine. AgendaWise attached an affidavit from

4

Hicks to its response. Hicks averred that he submitted an application for the 2013-14 session and that he intended to submit an application for a media pass for the 2015-16 session "when the Texas House Administration Committee (via the House Business Office) begins accepting media pass applications" for that session.

After a hearing, the trial court denied the officials' plea to the jurisdiction. This interlocutory appeal followed. *See* Tex. Civ. Prac. & Rem. Code § 51.014(8).

## ANALYSIS

The officials raise two issues on appeal challenging the trial court's denial of their plea to the jurisdiction. They contend that AgendaWise's claim concerning the denial of its request for access to the video feed of legislative proceedings is barred by immunity from suit and that AgendaWise's claim based on Hicks's application for a media pass is not justiciable.

*Standard of Review*

We review a plea questioning the trial court's subject matter jurisdiction de novo. *See Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). We focus first on the plaintiff's petition to determine whether the facts that were pled affirmatively demonstrate that subject matter jurisdiction exists. *Id*. at 226. We construe the pleadings liberally in favor of the plaintiff. *Id*. If a plea to the jurisdiction challenges the existence of jurisdictional facts, the trial court may consider evidence and must do so when necessary to resolve the jurisdictional issues raised. *Id*. at 227 (citing *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 555 (Tex. 2000)). The court's "ultimate inquiry is whether the plaintiff's pleaded and un-negated facts, taken as true and liberally

5

construed with an eye to the pleader's intent, would affirmatively demonstrate a claim or claims within the trial court's jurisdiction." *Brantley v. Texas Youth Comm'n*, 365 S.W.3d 89, 94 (Tex. App.—Austin 2011, no pet.) (citing *Miranda*, 133 S.W.3d at 226; *Creedmoor-Maha Water Supply Corp. v. Texas Comm'n on Envtl. Quality*, 307 S.W.3d 505, 513, 516 n.8 (Tex. App.—Austin 2010, no pet.)).

*Denial of Access to Video Feed*

In their first issue, the officials challenge the trial court's denial of their plea to the jurisdiction as to AgendaWise's claim concerning the denial of access to the video feed of legislative proceedings. The officials also have filed a suggestion of impending mootness as to this claim supported by an affidavit from the Executive Director of House Business Operations.[2] According to the Executive Director, the contract with the Texas Tribune expires in November 2014, there is no expectation that the contract will be renewed, the equipment the Texas Tribune used to access the video feed in question has been removed, and, going forward, the legislature will stream floor proceedings itself, using a new software system that allows an unlimited number of viewers. The new software allows viewers "to access video streams of House and Senate proceedings on the Legislature's website" and "will be the Legislature's exclusive method of broadcasting House and Senate proceedings—both committee hearings and proceedings on the House and Senate floor—on the internet during the upcoming 84th Legislative Session."

---

[2] *See* Tex. R. App. P. 10.2 (requiring inclusion of affidavits and other evidence with motions in certain circumstances); *Richards v. Richards*, 371 S.W.3d 412, 414 (Tex. App.—Houston [1st Dist.] 2012, no pet.) (noting that appellate court may consider affidavits and other evidence in determining motion to dismiss for lack of jurisdiction).

AgendaWise filed a response to the officials' suggestion of impending mootness. AgendaWise agrees that its claim concerning access to the video feed may be dismissed as moot in light of the developments outlined in the officials' suggestion. Given the parties' agreement as to this claim, we conclude that it is moot. *See In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 737 (Tex. 2005) (noting that case becomes moot if controversy ceases to exist on appeal); *Williams v. Lara*, 52 S.W.3d 171, 184 (Tex. 2001) (noting that "a controversy must exist between the parties at every stage of the legal proceeding, including the appeal" for plaintiff to have standing and that, if controversy ceases to exist, case becomes moot); *Valley Baptist Med. Ctr. v. Gonzalez*, 33 S.W.3d 821, 822 (Tex. 2000) (concluding appeal moot because "there ceased to be a live controversy" between parties and dismissing cause as moot); *Texas Health Care Info. Council v. Seton Health Plan Inc.*, 94 S.W.3d 841, 846–47 (Tex. App.—Austin 2002, pet. denied) ("A case becomes moot when: (1) it appears that one seeks to obtain a judgment on some controversy, when in reality none exists; or (2) when one seeks a judgment on some matter which, when rendered for any reason, cannot have any practical legal effect on a then-existing controversy."). Thus, we do not have jurisdiction to address the officials' first issue challenging the trial court's order as to AgendaWise's claim concerning the denial of access to the video feed. *See Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 162 (Tex. 2012) ("If a case is or becomes moot, the court must vacate any order or judgment previously issued and dismiss the case for want of jurisdiction." (citing *Speer v. Presbyterian Children's Home & Serv. Agency*, 847 S.W.2d 227, 229–30 (Tex. 1993))).

*Denial of Media Pass*

As part of their second issue, the officials challenge the trial court's order denying their plea to the jurisdiction as to AgendaWise's remaining claim about the denial of Hicks's application for a media pass. The officials assert that AgendaWise does not have standing because this claim is nonjusticiable. They contend that the claim as to the current legislative session is moot and the claim as to the next session is not ripe.

"The general test for standing in Texas requires that there (a) shall be a real controversy between the parties, which (b) will be actually determined by the judicial declaration sought." *Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993) (citation omitted). As previously stated, a case becomes moot and a party loses standing to maintain a claim "when one seeks a judgment on some matter which, when rendered for any reason, cannot have any practical legal effect on a then-existing controversy." *Texas Health Care Info. Council*, 94 S.W.3d at 846–47. Similar to the mootness doctrine, the ripeness doctrine "emphasizes the need for a concrete injury for a justiciable claim to be presented" and "examines when [an] action may be brought." *Patterson v. Planned Parenthood of Hous. & Se. Tex., Inc.*, 971 S.W.2d 439, 442 (Tex. 1998). It "focuses on whether the case involves 'uncertain or contingent future events that may not occur as anticipated, or indeed may not occur at all.'" *Id*. "By maintaining this focus, the ripeness doctrine serves to avoid premature adjudication." *Id*.

AgendaWise urges that its claim is not moot because Hicks is curtailed from attending committee meetings without a media pass, a special session could be called before the end of 2014, and the officials are still granting applications for this session. AgendaWise further urges that it

would be impracticable to require it to wait until a special session is called before being entitled to judicial relief.

As a preliminary matter, AgendaWise did not assert in its pleadings that it had attempted to comply with the requirements of Senate Rule 2.04. *See* Tex. S. Rule 2.04.[3] Its claim is based on its allegations of wrongful conduct by the House Business Office when it denied Hicks's media pass. Among the requirements for a plaintiff to have standing to assert a claim against a particular defendant is the requirement that the plaintiff have "'injury in fact' . . . fairly traceable to the challenged action of the defendant." *Save Our Springs Alliance, Inc. v. City of Dripping Springs*, 304 S.W.3d 871, 878 (Tex. App.—Austin 2010, pet. denied) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992)).[4]

---

[3] Senate Rule 2.04 states:

While the Senate is in session, no person shall be admitted to the floor of the Senate or allowed its privileges as a press correspondent or radio commentator or television camera operator and commentator, unless said person is a regularly employed, salaried staff correspondent or reporter in the employ of a newspaper publishing general news, a press association serving newspapers, or a publication requiring telegraphic coverage or the person is a regularly employed, salaried employee of a duly licensed radio or television station.

Every newspaper reporter and correspondent and radio commentator and television camera operator and commentator, before being admitted to the Senate during its session, shall file with the Committee on Administration a written statement showing the paper or papers represented and certifying that no part of the person's salary or compensation is paid by any person, firm, corporation, or association except the paper or papers or radio station or television station represented.

Tex. S. Rule 2.04, 83d Leg., R.S.

[4] Although the officials do not raise this argument, we consider it sua sponte. *See Rusk State Hosp. v. Black*, 392 S.W.3d 88, 103 (Tex. 2012) ("Subject matter jurisdiction cannot be waived or conferred by agreement, can be raised at any time, and must be considered by a court sua sponte.").

Taking AgendaWise's pleaded facts as true and construing them in its favor, *see Brantley*, 365 S.W.3d at 94, AgendaWise did not plead facts that would support an "injury-in-fact . . . fairly traceable to the conduct" of the officials, except possibly Charlie Geren, in his official capacity as Chairman of the Texas House Committee on House Administration. *See Save Our Springs Alliance, Inc.*, 304 S.W.3d at 878. Construing AgendaWise's pleadings liberally in its favor, Geren is the only defendant with a connection to the conduct of the House Business Office, the source of AgendaWise's complaint. For example, AgendaWise did not plead facts that would support a finding that David Dewhurst, in his official capacity as President of the Texas Senate, was involved in the House Business Office's denial of Hicks's application for a media pass. Thus, we conclude that AgendaWise failed to plead facts to support the trial court's jurisdiction to consider this claim against the officials, except possibly as to Geren. *See Texas Ass'n of Bus.*, 852 S.W.2d at 446 (noting that plaintiff bears burden to plead facts affirmatively demonstrating trial court's jurisdiction). Given this conclusion, we narrow our analysis of the officials' arguments raising mootness and ripeness and limit our review to determine whether the trial court had jurisdiction to consider AgendaWise's claim against Geren.

The officials presented undisputed evidence that Hicks's application was for a media pass that would expire on its own terms at the end of 2014, that he will have to submit a new application for a media pass for the next legislative session, that a media pass is only valid during a current legislative session, and that the current legislative session is closed. The officials also presented evidence that no House Rule requires a media pass to attend committee meetings and that committee meetings are generally open to the public. This evidence, which was not contradicted,

negated AgendaWise's pleaded fact that Hicks cannot attend committee meetings without a media pass.[5] *See Brantley*, 365 S.W.3d at 94.

AgendaWise also did not allege in its pleadings or present evidence that Hicks had been denied access to any committee meeting because he did not have a media pass or that a special session would be called before the end of 2014. Any judgment at this point granting AgendaWise its requested relief—that Hicks be issued a media pass—would have no "practical legal effect on a then-existing controversy." *See Texas Health Care Info. Council*, 94 S.W.3d at 846–47. Such a pass would expire by its own terms this year, and Hicks will need to apply for a media pass if so desired for the next session in any case. We therefore conclude that there is no live controversy as to Hicks's application for the current legislative session and that this claim is moot. *See id.*

---

[5] In his affidavit, the Executive Director of House Business Operations testified in relevant part:

> The House Business Office has the responsibility to review and approve applications made by members of the media to obtain media credentials to access the House floor during the Legislative session. It is my understanding that media credentials issued by the House Business Office can serve as sufficient credentials to gain press access to the Senate floor during session. . . .

> While House and Senate Rules provide that media credentials are required to access the floors of the House and Senate chambers, no House Rule mandates that credentials are required to access House Committee meetings, which are generally open to the public. . . .

> Media credentials issued by the House Business Office are only valid for the current Legislative session. Accordingly, media credentials issued currently will not be valid to gain access to the House and Senate floors for the 2015 Legislative session. Applicants seeking a media credential for the next Legislative session will have to apply for a new credential when applications become available at the end of 2014.

AgendaWise does not squarely address the officials' additional argument that AgendaWise's claim as to the next legislative session is not ripe. Rather it urges that, even if its claim as to this session is moot, the "capable of repetition yet evading review" exception to the mootness doctrine applies. *See Williams*, 52 S.W.3d at 184; *Blum v. Lanier*, 997 S.W.2d 259, 264 (Tex. 1999). "This exception applies only in rare circumstances." *Williams*, 52 S.W.3d at 184. "To invoke the exception, a plaintiff must prove that: (1) the challenged action was too short in duration to be litigated fully before the action ceased or expired; and (2) a reasonable expectation exists that the same complaining party will be subjected to the same action again." *Id.*; *see also City of Los Angeles v. Lyons*, 461 U.S. 95, 109 (1983) ("[T]he capable-of-repetition doctrine applies only in exceptional situations, and generally only where the named plaintiff can make a reasonable showing that he will again be subjected to the alleged illegality.").

AgendaWise presented evidence that Hicks planned to apply for a media pass for the next legislative session and, as to his application for this legislative session, alleged in its pleadings that "[a]dministratively appealing the denial of Mr. Hicks's application would be futile." This evidence falls short of establishing the "rare circumstances" required for the exception to the mootness doctrine to apply. *See Williams*, 52 S.W.3d at 184. AgendaWise could have appealed within the legislative rules, but it chose not to exhaust this available remedy. *See, e.g.*, *City of Hous. v. Rhule*, 417 S.W.3d 440, 442 (Tex. 2013) (noting, in the context of an administrative proceeding, "exhaustion doctrine serves as a timing mechanism to ensure that the administrative process runs its course" and "it aims to ensure an orderly procedure to enforce [legal] rights"). AgendaWise also could have obtained judicial review of this issue before it became moot by seeking temporary

12

injunctive relief as to the denied media pass. *See, e.g.*, *Iranian Muslim Org. v. City of San Antonio*, 615 S.W.2d 202, 208–09 (Tex. 1981) (appeal from denial of temporary injunction by students seeking mandatory injunction to require issuance of parade permits and noting that First Amendment rights may not be denied during appellate review without including immediate appellate review); *see also* Tex. Civ. Prac. & Rem. Code § 51.014(4) (allowing interlocutory appeal from denial of temporary injunction); Tex. R. App. P. 29.3 (allowing temporary relief).

Further, although AgendaWise pleaded that an appeal by Hicks of the denial of his application for a media pass to the Committee on House Administration would have been futile for this session and evidence showed a several month delay by the House Business Office before the application was denied, AgendaWise did not present evidence or plead facts to show that there is a reasonable expectation that, when Hicks applies for a media pass for the next session, the Committee on House Administration will deny his application. Its argument to the trial court was that, "[i]f that request [for the upcoming session] is similarly denied by Defendants, AgendaWise will face the same time constraints and limitations in seeking to vindicate its rights that it faces now." But AgendaWise did not present evidence as to its expectation that the media pass for the next session will be similarly denied, such as evidence that the members of the Committee on House Administration will be the same or that the Committee will deny Hicks's media pass should the House Business Office deny the application and Hicks appeal to the committee. Further, as noted above, AgendaWise did not plead facts that would support a finding that it attempted to comply with Senate Rule 2.04 or that such an attempt would be futile.

Given the rare circumstances in which the "capable of repetition yet evading review" exception applies, we conclude that AgendaWise failed to show that the exception applies to its claim concerning the media pass. *Williams*, 52 S.W.3d at 184. Further, to the extent AgendaWise's claim covers Hicks's future application for the next session, we conclude that the claim is not ripe. *See Patterson*, 971 S.W.2d at 442. As previously stated, the application process for the next session has not begun. Thus, we sustain the portion of the officials' second issue that contends that AgendaWise's media pass claim is not justiciable.[6]

## CONCLUSION

For these reasons, we vacate the trial court's order denying the officials' plea to the jurisdiction and dismiss AgendaWise's claims for want of jurisdiction.

_____

Melissa Goodwin, Justice

Before Chief Justice Jones, Justices Rose and Goodwin

Vacated and Dismissed

Filed:   November 25, 2014

---

[6] The officials also urge that AgendaWise cannot bring a due process claim as to the denied media pass because its allegations affirmatively negate the existence of a vested property interest and the officials urge in their reply brief that the doctrine of absolute legislative immunity bars this claim. Because we conclude that this claim is moot as to the current legislative session and not ripe as to the next session, we do not address these alternative jurisdictional arguments. *See* Tex. R. App. P. 47.1.

14