**VALLEY BAPTIST MEDICAL CENTER, Petitioner,**

v.

**Ester V. GONZALEZ, as next friend of M.G., Jr., Respondent.**

No. 00–0285.

Supreme Court of Texas.

Oct. 26, 2000.

Roger W. Hughes, Ferriel C. Hamby, Jr., Adams & Graham, Harlingen, for petitioner.

Elizabeth B. Hawkins, Benjamin L. Hall, III, Sheryl A. Scott, O'Quinn & Laminack, Houston, William Lassiter Holmes, Holmes & Holmes, McAllen, for respondent.

PER CURIAM.

Ester Gonzalez, individually and as next friend of Michael Gonzalez, filed a petition to investigate claims under Texas Rule of Civil Procedure 202 in anticipation of a products liability suit. She named as respondents Valley Baptist Medical Center, Dr. Edwin Mierisch, and the unknown manufacturers of a fetal vacuum extractor. The trial court granted the petition and ordered presuit discovery, including the deposition of a Valley Baptist representative, under Texas Rule of Civil Procedure 202.4(a)(2).

Valley Baptist filed a notice of appeal with an emergency motion to stay depositions; the court of appeals denied the emergency motion. Valley Baptist then filed a petition for writ of mandamus with an emergency motion to stay depositions. The court of appeals initially granted the stay but then, two weeks later, denied Valley Baptist's petition for writ of mandamus and vacated the stay. Valley Baptist subsequently filed a petition for writ of mandamus with this Court, which was denied.

In the meantime, another court of appeals panel granted Valley Baptist's motion to reconsider its motion for emergency relief to stay depositions. Gonzalez immediately filed a motion to vacate the stay order and dismiss the appeal for want of jurisdiction; the court of appeals first denied Gonzalez' motion, but then,

*sua sponte*, reconsidered the motion and dismissed the appeal for want of jurisdiction in a published opinion.

While Valley Baptist's motion for rehearing *en banc* was pending, it produced a representative for the ordered deposition and notified the court of appeals that the dispute may be moot. The court of appeals, sitting *en banc*, then withdrew its earlier opinion, and, concluding that rule 202 presuit discovery orders are not final and appealable when the party from whom discovery is sought is an anticipated party to the litigation, dismissed the appeal for want of jurisdiction. *Valley Baptist Medical Center v. Michael Gonzalez, Jr.*, 18 S.W.3d 673 (Tex.App.–Corpus Christi). In its opinion, the court of appeals did not acknowledge that Valley Baptist had already appeared for the deposition. Nor did the court consider whether the appeal may be moot.

In its petition for review, Valley Baptist argues that its dispute with Gonzalez became moot when Valley Baptist produced a corporate representative for deposition. In the alternative, Valley Baptist contends that even if the dispute is not moot, the court of appeals erred in determining that rule 202 discovery orders are not final and appealable.

We conclude that Valley Baptist's appeal became moot when it produced a representative for deposition and thus complied with the trial court's discovery order. At that time, there ceased to be a live controversy between Valley Baptist and Gonzalez, who are the only parties to this appeal. *See City of W. Univ. Place v. Martin*, 132 Tex. 354, 123 S.W.2d 638, 638–39 (1939). Under article II, section 1 of the Texas Constitution, courts have no jurisdiction to issue advisory opinions. *Speer v. Presbyterian Children's Home & Serv. Agency*, 847 S.W.2d 227, 229 (Tex. 1993). Because Valley Baptist's appeal of the discovery order became moot after the deposition occurred, the court of appeals' opinion is advisory. Therefore, in accordance with rule 59.1 of the Texas Rules of Appellate Procedure, without hearing oral argument, we grant Valley Baptist's petition for review, and without reference to the merits, vacate the court of appeals' judgment and opinion, and dismiss this cause as moot.