COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-02-119-CV
 
  
MOBIL OIL CORPORATION, MOBIL                                        APPELLANTS
PRODUCING TEXAS & NEW MEXICO, INC.,
MOBIL CORTEZ PIPELINE, INC. AND
EXXON MOBIL CORPORATION; AND SHELL
CORTEZ PIPELINE COMPANY, SHELL OIL
COMPANY, SWEPI LP D/B/A SHELL WESTERN
E&P, KINDER MORGAN CO2 COMPANY,
L.P., AND KINDER MORGAN, G.P., INC.
 
V.
 
FIRST STATE BANK OF DENTON, IN ITS                                   APPELLEES
REPRESENTATIVE CAPACITY AS INDEPENDENT
EXECUTOR OF THE ESTATE OF MAUDE
RAGLAND, DECEASED; AND THE CLASS OF
ALL ROYALTY INTEREST OWNERS FROM
AUGUST 24, 1982 TO DATE UNDER LEASES
TO DEFENDANTS IN ANY OIL, GAS, OR
MINERAL PROPERTY THAT BECAME UTILIZED
BY VIRTUE OF THE MCELMO DOME UNIT
AGREEMENT; AND JOSEPHINE ORR REDDY
AND EASTWOOD CAPITAL, LTD.
 
 
------------
 
FROM THE PROBATE COURT OF DENTON COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        In 
this interlocutory appeal, appellants complain of the statutory probate 
court’s class certification order, contending that the probate court lacked 
subject matter jurisdiction to enter the order.[2]  
Appellees have moved to dismiss the appeal for want of jurisdiction because it 
is moot.  We will dismiss the appeal for want of jurisdiction as moot.
        During 
the pendency of the appeal, appellees filed a motion in the probate court to 
vacate the class certification order based on the preclusive effect of a final 
federal court judgment. The probate court granted appellees’ motion to vacate, 
decertified the class, and ordered the class aspects of the underlying case 
dismissed.[3]  Thus, the dispositive substantive 
disputes in this appeal have been rendered moot, and we have no jurisdiction to 
address the merits of the probate court’s subject matter jurisdiction.[4]  Accordingly, we grant appellees’ motion and 
dismiss the appeal for want of jurisdiction as moot.
   
  
                                                                  JOHN 
CAYCE
                                                                  CHIEF 
JUSTICE
   
  
PANEL A:   CAYCE, 
C.J.; LIVINGSTON and WALKER, JJ.
 
DELIVERED: July 29, 2004


NOTES
1.  See 
Tex. R. App. P. 47.4.
2.  See 
Tex. Civ. Prac. & Rem. Code Ann. 
§ 51.014(a)(3) (Vernon Supp. 2004) (authorizing interlocutory appeal of class 
certification order).
3.  See 
Tex. R. App. P. 29.5 (providing 
that, while appeal from interlocutory order is pending, trial court retains 
jurisdiction over case and may dissolve order appealed from).
4.  See 
Valley Baptist Med. Ctr. v. Gonzalez, 33 S.W.3d 821, 822 (Tex. 2000) 
(holding that appellate court has no jurisdiction to issue advisory opinion once 
dispute on appeal becomes moot); Nat’l Collegiate Athletic Ass'n v. Jones, 
1 S.W.3d 83, 86 (Tex. 1999) (holding that case becomes moot if at any stage 
there ceases to be an actual controversy between the parties).