MOBIL V. FIRST STATE BANK

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-119-CV

MOBIL OIL CORPORATION, MOBIL APPELLANTS

PRODUCING TEXAS & NEW MEXICO, INC., 

MOBIL CORTEZ PIPELINE, INC. AND 

EXXON MOBIL CORPORATION; AND SHELL 

CORTEZ PIPELINE COMPANY, SHELL OIL 

COMPANY, SWEPI LP D/B/A SHELL WESTERN 

E&P, KINDER MORGAN CO2 COMPANY, 

L.P., AND KINDER MORGAN, G.P., INC. 

V.

FIRST STATE BANK OF DENTON, IN ITS APPELLEES

REPRESENTATIVE CAPACITY AS INDEPENDENT 

EXECUTOR OF THE ESTATE OF MAUDE 

RAGLAND, DECEASED; AND THE CLASS OF

ALL ROYALTY INTEREST OWNERS FROM 

AUGUST 24, 1982 TO DATE UNDER LEASES 

TO DEFENDANTS IN ANY OIL, GAS, OR 

MINERAL PROPERTY THAT BECAME UTILIZED 

BY VIRTUE OF THE MCELMO DOME UNIT 

AGREEMENT; AND JOSEPHINE ORR REDDY 

AND EASTWOOD CAPITAL, LTD. 

------------

FROM THE PROBATE COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

In this interlocutory appeal, appellants complain of the statutory probate court’s class certification order, contending that the probate court lacked subject matter jurisdiction to enter the order.
(footnote: 2)  Appellees have moved to dismiss the appeal for want of jurisdiction because it is moot.  We will dismiss the appeal for want of jurisdiction as moot.

During the pendency of the appeal, appellees filed a motion in the probate court to vacate the class certification order based on the preclusive effect of a final federal court judgment.  The probate court granted appellees’ motion to vacate, decertified the class, and ordered the class aspects of the underlying case dismissed.
(footnote: 3)  Thus, the dispositive substantive disputes in this appeal have been rendered moot, and we have no jurisdiction to address the merits of the probate court’s subject matter jurisdiction.
(footnote: 4)  Accordingly, we grant appellees’ motion and dismiss the appeal for want of jurisdiction as moot.

JOHN CAYCE

CHIEF JUSTICE

PANEL A: CAYCE, C.J.; LIVINGSTON and WALKER, JJ.

DELIVERED: July 29, 2004

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
See
 
Tex. Civ. Prac. & Rem. Code Ann.
 § 51.014(a)(3) (Vernon Supp. 2004) (authorizing interlocutory appeal of class certification order).

3:
See
 
Tex. R. App. P.
 29.5 (providing that, while appeal from interlocutory order is pending, trial court retains jurisdiction over case and may dissolve order appealed from).

4:
See Valley Baptist Med. Ctr. v. Gonzalez,
 33 S.W.3d 821, 822 (Tex. 2000) (holding that appellate court has no jurisdiction to issue advisory opinion once dispute on appeal becomes moot); 
Nat’l Collegiate Athletic Ass'n v. Jones,
 1 S.W.3d 83, 86 (Tex. 1999) (holding that case becomes moot if at any stage there ceases to be an actual controversy between the parties).