TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-08-00667-CV






Alfred Johnson, D.O., Appellant


v.


The State of Texas; Texas Medical Board; Mari Robinson, J.D.,

in her Official Capacity as Interim Executive Director and Director of Enforcement 

for the Texas Medical Board; et al., Appellees






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT

NO. D-1-GN-08-001657, HONORABLE MARGARET A. COOPER, JUDGE PRESIDING





M E M O R A N D U M O P I N I O N


 Dr. Alfred Johnson, D.O., appeals a district court judgment dismissing his suit
against appellees for want of subject-matter jurisdiction. We will affirm the judgment.

 Dr. Johnson is an osteopathic physician currently licensed by appellee, the Texas
Medical Board, to practice medicine in the State of Texas. See Tex. Occ. Code Ann. § 155.001
(West 2004). On March 26, 2008, the Board's director of enforcement wrote Johnson, notifying
Johnson that a complaint had been initiated against him in regard to:


 [t]he diagnosis, evaluation/treatment (i.e. tetanus injection for Klebsiella infection;
immune globulin etc.), billing practices, charges, billable services and breach of
confidentiality with fellow physician (Dr. Roby) regarding care for patient K.J.
during 2003-2004. (1)


Johnson wrote back on April 7 requesting clarification of the subject matter of the investigation
and further details regarding the complaint. On April 16, the Board's director of enforcement sent
Johnson another letter, which included the identical language set out above, but this time also
enclosed a medical practice questionnaire and a form affidavit for medical records that Johnson was
instructed to complete and return with "a complete (medical and billing) copy of the patient records"
for K.J. for the 2003-04 time period.

 On April 25, 2008, a Board investigator wrote Johnson advising him that the Board
had initiated a formal investigation concerning allegations of professional negligence regarding
the care of patient K.J. Following this letter, on April 29, the investigator issued an administrative
subpoena to Johnson for "any and all medical and billing records" of K.J.

 Subsequently, Johnson filed suit against the State of Texas; the Board; the Board's
executive director and director of enforcement; and the Board investigator who issued the
subpoena, naming all of the individual defendants in their official capacities (2) (collectively,
appellees). Johnson asserted essentially two sets of claims. First, alleging that patient K.J. had
ordered him not to disclose the patient's record to the Board, Johnson pled what he styled as an
interpleader action in which he requested a declaratory judgment under the Uniform Declaratory
Judgments Act (UDJA) (3) to resolve the "competing claims" to the records and to clarify whether he
was required to produce them. Relatedly, Johnson sought injunctive relief restraining appellees from
prosecuting a disciplinary action against him while his suit was pending.

 Second, Johnson alleged that appellees were violating his "due process rights"
through their letters and administrative subpoena. Specifically, Johnson alleged that (1) the Board's
March 26, April 17, and April 25, 2008 letters violated his "due process rights" by failing to
adequately disclose the subject matter of the investigation and complaint; and (2) the administrative
subpoena was outside the Board's statutory authority because it was a "fishing expedition"
that exceeded the scope of the investigation reflected in the Board's prior letters. Johnson sought
declaratory judgments that (1) "the [Board] letters of March 26, April 17, and April 25, 2008 [are]
legally deficient communications from the Board in violation of Plaintiff's due process rights
safeguarded by the Fourteenth Amendment to the U.S. Constitution, the Texas Constitution,
and further declaring the investigation null and void under Texas law in the absence of the disclosure
of the nature of the complaint and the scope of the investigation"; (2) "the [Board] purported
investigation conducted in the absence of a bona fide complaint containing allegations supporting
the contentions set forth in the [Board] letters of March 26, April 17, and April 25, 2008 [are] an
action in excess of the [Board] powers and authorities"; (3) the investigative subpoena is "overbroad,
illegal, and in excess of the powers and authorities of the [Board] and in contravention of the limited
scope of the investigation" reflected in the Board's letters of March 26, April 17, and April 25, 2008;
and (4) further declaring "the true scope" of the investigation and the "specific documents that
the Court determines that are relevant to the Board's investigation." With this, Johnson requested
a mandatory injunction to compel appellees to comply with "the disclosure mandates of Tex. Occ.
Code Ann. § 154.053(a) and of the Board's own regulations 22 TAC § 179.3(5)," a permanent
injunction under 42 U.S.C. § 1983 to restrain appellees' "due process" violations, and a preliminary
injunction restraining appellees from prosecuting any disciplinary proceedings while his suit was
pending. In his petition, Johnson also requested a rule 176 protective order against the subpoena. 

 Appellees filed a plea to the jurisdiction asserting that Johnson's suit was barred
by sovereign immunity, that his claims were not ripe, that he had failed to exhaust his administrative
remedies, and that the district court lacked subject-matter jurisdiction to intervene in the Board's
ongoing administrative proceeding. The Board also wrote Johnson advising him that it was initiating
a separate investigation regarding his failure to comply with its initial subpoena. In response,
Johnson sought a temporary restraining order against the investigation pending the district court's
determination of appellees' plea to the jurisdiction. A hearing was held on Johnson's TRO request
on August 14, 2008. At the hearing, Johnson's counsel acknowledged what counsel terms K.J.'s
"newly conflicting views of reality on the ground" concerning whether the patient opposed
disclosure of the medical records. The district court denied the TRO. On the following day, Johnson
explains, he "voluntarily discontinued the interpleader part of the case regarding the priority of
the claims of K.J. and of the Board," and produced the medical records called for in the subpoena.

 On September 29, 2008, the district court granted appellees' plea to the jurisdiction
without stating specific grounds, and dismissed Johnson's claims "without prejudice to his later
seeking judicial review at the appropriate time." This appeal followed.

 Johnson brings a single issue on appeal in which he argues that the district court erred
in granting appellees' plea to the jurisdiction because the district court, not the Board, had exclusive
jurisdiction over the subject matter of his claims; because his claims fall within exceptions to
exhaustion-of-remedies requirements; and because his claims are ripe for adjudication.

 As a threshold matter, the parties dispute whether, in light of Johnson's production
of K.J.'s medical records, any of his claims concerning the investigative subpoena remain justiciable. 
Although Johnson concedes that he "voluntarily discontinued the interpleader part of the case
regarding the priority of the claims of K.J. and of the Board," he asserts that a live controversy
nonetheless remains concerning the scope of the subpoena vis-a-vis the grounds for the investigation
as reflected in the Board's preceding letters. Johnson claims that he produced the records "under
protest and with full reservation of rights and without waiving the outstanding issues before
the Court." In support, Johnson has attached to his brief an affidavit from his counsel representing
that, when producing the records, Johnson "reserved the right to seek the enforcement of any
and all orders determining that the records must be returned, that only part of the records must
be disclosed, or that the motion for protective order is granted." Appellees respond that any claims
challenging the subpoena are now moot because Johnson has already acquiesced in producing
the records the subpoena compelled him to produce. We agree that Johnson's claims regarding the
subpoena are now moot.

 If, at any stage of the legal proceedings, a judgment would have no practical legal
effect on a then existing controversy, the case becomes moot. Williams v. Huff, 52 S.W.3d 171, 184
(Tex. 2001). Regardless of whether Johnson purported to produce the records under a "reservation
of rights," it remains that he produced the records the subpoena called for. Consequently, none of
his claims for declaratory and injunctive relief to restrain enforcement of the subpoena can have any
practical effect. See Valley Baptist Med. Ctr. v. Gonzalez, 33 S.W.3d 821, 822 (Tex. 2000) (where
claimant "produced a representative for deposition and thus complied with the trial court's discovery
order . . . there ceased to be a live controversy" regarding the discovery order). Stated another way,
there remains at this juncture only a theoretical dispute regarding whether Johnson could have been
compelled to produce the records, and no longer a live, justiciable controversy regarding whether he
can be compelled to produce them, as necessary to provide a jurisdictional basis for his declaratory
and injunctive claims attacking the subpoena. See Bonham State Bank v. Beadle, 907 S.W.2d 465,
467 (Tex. 1995). (4) Consequently, the district court properly dismissed those claims. 

 As for Johnson's remaining claims, our disposition of his appellate contentions
is controlled by our recent opinion in Rea v. State, No. 03-08-00491-CV, ___ S.W.3d ___, ___
(Tex. App.--Austin July 16, 2009, no pet. h.). In Rea, we held that similar declaratory and
injunctive claims seeking to restrain a Board disciplinary proceeding prior to an adjudicative hearing
were not ripe for adjudication. Id. at ___. (5) The same analysis applies here. Consequently, we
overrule Johnson's issue and affirm the district court's judgment of dismissal. See Tex. R. App.
P. 47.1.





 

 __________________________________________

 Bob Pemberton, Justice

Before Justices Patterson, Pemberton and Waldrop

Affirmed

Filed: July 24, 2009


1. For privacy, the Board redacted all but the patient's initials.
2. Where there has been a change in the interim, we have substituted the current officeholders. 
See Tex. R. App. P. 7.2(a).
3. Tex. Civ. Prac. & Rem. Code Ann. §§ 37.001-.011 (West 2008).
4. Appellees do not object to our considering counsel's affidavit, which is not part of the
appellate record. Indeed, regardless of whether we consider it, it has no impact on whether
Johnson's claims regarding the subpoena remain justiciable.
5. In fact, the same counsel represented both Drs. Rea and Johnson, and made virtually
identical appellate arguments in both proceedings.