

**COURT OF APPEALS FOR THE**
**FIRST DISTRICT OF TEXAS AT HOUSTON**

ORDER AND
NOTICE OF INTENT TO DISMISS

Appellate case name:       Michael Webb v. American Express Centurion Bank

Appellate case number:     01-11-01106-CV

Trial court case number:   985259

Trial court:               County Civil Court at Law No. 4 of Harris County, Texas

Appellant, Michael Webb, filed an unopposed motion requesting abatement of the appeal and an extension of "deadlines for filing any further documents" in the appeal to allow the parties to finalize settlement of the underlying case according to the parties' settlement agreement. On August 22, 2012, the Court abated this appeal and ordered the parties "to advise this Court of the status of the proceedings or file a motion to dismiss the appeal if the case settles within three months of the date of this order." On August 31, 2012, Webb filed an "Amendment to Rule 11 Settlement Agreement (To Be Filed of Record)." The parties, however, did not file any additional status reports or a motion to dismiss this appeal. On August 28, 2013, we issued an order of continuing abatement by which we ordered the parties "to file a document advising the Court of the status of the proceedings or a motion to dismiss." Appellant then filed his "Motion to Enforce Settlement and Motion to Remand to Facilitate Settlement Agreement Pursuant to Rule 42.1, Texas Rules of Appellate Procedure." The appeal has remained abated to allow the parties to finalize settlement of the underlying case.

By his motion to enforce the settlement agreement and remand, appellant requests that we (1) reverse the trial court judgment and remand to the trial court to enforce the settlement agreement as specified in his motion, (2) remand to the trial court "to conduct such fact finding and enter such orders as would be necessary and appropriate to implement the Settlement Agreement," or (3) reverse the trial court judgment and render a take nothing judgment in appellant's favor conditioned on his paying the amount of $4500.00 into the court's registry "within a time certain," after which appellee, American Express Centurion Bank, "may withdraw the funds with an agreed order when the mandate is received by the Trial Court, giving the Trial Court jurisdiction to enter such order." The motion, however, is not signed by appellee and does not otherwise reflect whether appellee opposes or agrees to appellant's requested relief. We deny

appellant's motion.[1] *See* TEX. R. APP. P. 42.1(a)(2) (providing actions that appellate court may take"[i]n accordance with an agreement signed by their parties or their attorneys and filed with the clerk"); TEX. R. APP. P. 43.2 (listing types of judgments appellate courts may render).

Nevertheless, the existence of an actual controversy is essential to the exercise of appellate jurisdiction. *See, e.g.*, *Valley Baptist Med. Ctr. v. Gonzalez*, 33 S.W.3d 821, 822 (Tex. 2000). Based on the parties' "Rule 11 Settlement Agreement (To Be Filed of Record)," it appears that the parties have resolved their dispute on the merits and we may no longer have jurisdiction over this appeal. We **REINSTATE** the case on the Court's active docket. Unless the parties to the appeal demonstrate, **within 14 days of the date of this order**, that there is a live controversy between them as to the merits of the appeal, the appeal may be dismissed.

It is so ORDERED.

Judge's signature: /s/ <u>Terry Jennings</u>
        ⊠ Acting individually    ☐ Acting for the Court

Date: September 18, 2014

---

[1] Neither appellant's motion nor the parties' settlement agreement reflects that appellee agrees to appellant's requested relief. The "Rule 11 Settlement Agreement (To Be Filed of Record)" states that appellee is "to file a dismissal with prejudice in the Trial Court, which shall require an agreed Motion for New Trial to be granted by the Trial Court to facilitate the dismissal with prejudice. After the Order of Dismissal with Prejudice is granted by the Trial Court the [appellee] will file a Motion to Dismiss the Appeal based on the dismissal in the Trial Court."