**Opinion issued April 7, 2015**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-11-01106-CV

_____

## MICHAEL WEBB, Appellant

## V.

## AMERICAN EXPRESS CENTURION BANK, Appellee

---

**On Appeal from the County Civil Court at Law No. 4**
**Harris County, Texas**
**Trial Court Case No. 985259**

---

## MEMORANDUM OPINION

After this Court issued an Order and Notice of Intent to Dismiss, appellant,

Michael Webb, filed a Response to Order and Motion to Retain Appeal on Docket,

requesting that we remand this case to the trial court for a new trial "as agreed

upon" by the parties in the "Settlement Agreement."[1]  Because no live controversy exists between the parties, we lack jurisdiction over this appeal.  Accordingly, we dismiss the appeal.

## Background

After Webb filed an unopposed motion to abate the appeal and extend the "deadlines for filing any further documents" to allow the parties to finalize their settlement agreement, we abated the appeal and ordered the parties "to advise this Court of the status of the proceedings or file a motion to dismiss the appeal if the case settles within three months of the date of this order."  Although Webb then filed an "Amendment to Rule 11 Settlement Agreement (To Be Filed of Record)," the parties did not file a status report or motion to dismiss.

We subsequently ordered the parties "to file a document advising the Court of the status of the proceedings or a motion to dismiss."  After Webb filed a Motion to Enforce Settlement and Remand to Facilitate Settlement Agreement, we denied the motion, which does not reflect whether appellee, American Express Centurion Bank, opposed or agreed to his requested relief.  We then reinstated the case on the Court's active docket and ordered the parties to "demonstrate, within 14 days of the date of [that] order, that there is a live controversy between them as to the merits of the appeal."

---

[1]     *See* TEX. R. APP. P. 42.1(a)(2)(B).

## Subject Matter Jurisdiction

In his motion, Webb requests that we "retain this appeal on the appellate docket," order a new trial, and remand "to the Trial Court to facilitate the provisions of the Settlement Agreement." *See* TEX. R. APP. P. 42.1(a)(2)(B). In accordance with an agreement signed by the parties or their attorneys and filed with the clerk, we may

> set aside the trial court's judgment without regard to the merits and remand the case to the trial court for rendition of judgment in accordance with the agreements . . . .

*Id.* However, this rule "does not permit an appellate court to order a new trial merely on the agreement of the parties absent reversible error, or to vacate a trial court's judgment absent reversible error or a settlement." *Id.* at cmt.

Webb, in his motion, identifies only one "actual controversy existing between the Parties," namely that "[t]he Parties agreed in writing to a new trial and no new trial [has] been granted." He further clarifies that "[t]he controversy is [American Express's] failure to abide by the terms and conditions of the Settlement Agreement." Webb does not ask us to resolve the appeal on the merits. Rather, he asks that we "contin[ue] the abatement of the appeal until the Trial Court effectuates the Settlement Agreement after a remand for that purpose." He concedes that the parties have not performed all of their obligations under the

3

purported settlement agreement, nor has American Express released its underlying claims against Webb.

We cannot grant the relief that Webb requests, i.e., a new trial, absent reversible error. *Id.* Nor can we "remand the case to the trial court for rendition of judgment in accordance with the agreements" under rule 42.1(a)(2)(B). Because the parties have not satisfied all conditions precedent to entry of any judgment under their rule 11 agreement, the agreement does not provide for any judgment that the trial court could enter on remand.

The existence of a live controversy is essential to the exercise of appellate jurisdiction. *See*, *e.g.*, *Valley Baptist Med. Ctr. v. Gonzalez*, 33 S.W.3d 821, 822 (Tex. 2000). Accepting Webb's representations as true, the parties settled their dispute by their rule 11 agreement in 2012. At that time, there ceased to be a live controversy between Webb and American Express. Any disputes that arose later over the parties' performance of that agreement are distinct from the issues presented in this appeal. Accordingly, we hold that no live controversy exists between the parties. We further hold that we have no jurisdiction over this appeal.

### Conclusion

Because we lack jurisdiction, we dismiss the appeal. We order that Webb pay all appellate costs. And we dismiss any pending motions as moot.

4

We direct the Clerk to issue the mandate within 10 days of the date of this opinion.  *See* Tex. R. App. P. 18.1.


**PER CURIAM**

Panel consists of Justices Jennings, Higley, and Huddle.