In The
*Court of Appeals*
*Ninth District of Texas at Beaumont*
NO. 09-18-00183-CV
IN THE MATTER OF T.M.

**On Appeal from the County Court at Law No. 1**
**Montgomery County, Texas**
**Trial Cause No. 16-05-05621-JV**

**MEMORANDUM OPINION**

In May 2016, T.M., then a juvenile, was charged in Montgomery County with three counts of delinquent conduct for conduct allegedly occurring in Montgomery County.[1] An amended petition added a fourth count. T.M., represented by counsel, waived his right to a jury trial and stipulated to the State's evidence. The Juvenile Court entered an Adjudication Order stating that the court found the allegations in the amended petition true as to all four counts. The Juvenile Court sentenced T.M. to five years' confinement probated for a period of three years. An order of probation

---

[1] We identify the juvenile and his parents by initials to protect their privacy. *See* Tex. Fam. Code Ann. § 109.002(d).

placed T.M. on probation with the Montgomery County Juvenile Probation Department and stated in relevant part that "Juvenile-Respondent shall reside in the home of the person(s) to whom he/she is released, [O.S., who is T.M.'s mother], and Juvenile-Respondent shall not reside elsewhere without the approval of the Juvenile Court." The Juvenile Court signed an order certifying that the case "is a plea-bargain case, and the Juvenile-Respondent has voluntarily waived the right to appeal pursuant to the plea-bargain."

O.M., T.M.'s father, filed a Motion for Transfer [of] Community Supervision in the juvenile proceeding. In the Motion for Transfer, O.M. argued that O.M. had the exclusive right to establish the primary residence of the child by virtue of the fact he was named as the custodial parent according to an Order entered on February 21, 2014 in the custody Suit Modifying the Parent-Child Relationship ("SAPCR") that was filed in the 206th District Court in Hidalgo County, Texas. The motion further argued that "[u]nder the current probation conditions, the custodial parent, [O.M.], has been unable to exercise his exclusive primary right regarding his son, [T.M.]." The SAPCR Order reflects an address for O.S. in Montgomery County.

At a hearing on O.M.'s motion, O.M. argued that the Hidalgo County court that entered the SAPCR has exclusive jurisdiction over O.M. and O.S.'s children, including T.M. O.M. further argued that the Juvenile Court's order setting the terms

2

of T.M.'s probation effectively modified the conservatorship, which was in Hidalgo County, and that the Montgomery County Juvenile Court lacked the authority to issue an order that changed custody or conservatorship. O.M. also argued that as a result of the order of probation entered by the Montgomery County Juvenile Court, "this juvenile court allowed [] [O.S.] to receive benefits that she's not entitled to[.] She's receiving social security benefits now." O.M. testified that he was asking the Juvenile Court to modify the terms of probation and that T.M. be returned to Hidalgo County with him. The Juvenile Court denied the motion to transfer. The Juvenile Court also entered an order modifying the terms of probation that permitted T.M. to be with children closer to his own age but did not change the provision that T.M. reside with his mother in Montgomery County.

O.M. filed an appeal with this Court challenging the order denying the motion to transfer and denying the motion to modify the terms of probation. The appellate brief filed by O.M.'s attorney argues that the Montgomery County Juvenile Court lacked jurisdiction to enter an order imposing a residential requirement on T.M. because the Juvenile Court's order "contravened a prior, standing order from a court of continuing exclusive jurisdiction in Hidalgo County, Texas[.]" The brief represented that the Appellant is O.M. and the Appellee is O.S.

3

On July 11, 2019, we sent a letter to the parties explaining that the appellant's brief appeared to have been filed on behalf of O.M. and no brief had been filed on behalf of T.M. We requested a written response regarding whether O.M. had standing to appeal and whether the case should be remanded to the trial court to determine whether T.M. desired to appeal. The attorney for O.M. responded with a letter stating that he has appealed on behalf of T.M.

We remanded this case to the Juvenile Court to determine whether T.M. himself desires to appeal. At the hearing on remand, O.M.'s attorney told the court that he considered the appellant in this case to be "father and son as a unit[]" but admitted that he did not represent T.M. in the Juvenile Court proceedings. T.M. told the court that he did not wish to appeal the order of probation, that he did not desire to have the matter transferred to Hidalgo County, that he had no desire to join the appeal or adopt the brief filed by his father, that he has never communicated with his father's appellate attorney, and that his father had never talked with him about filing an appeal on T.M.'s behalf. At the conclusion of the hearing, the court stated as follows:

> I am specifically instructed to determine whether or not [T.M.] wishes to appeal the order modifying disposition. And it's clear to the Court that [T.M.] does not desire to appeal that order modifying disposition. And, particularly, he does not wish to adopt the brief that [O.M.'s attorney] has presented on behalf of his client, the father in this case.

Under the Family Code, "[i]f the child *and* his parent, guardian, or guardian ad litem express a desire to appeal, the attorney who represented the child before the juvenile court shall file a notice of appeal with the juvenile court and inform the court whether that attorney will handle the appeal." *See* Tex. Fam. Code Ann. § 56.01(f) (emphasis added). As we have previously explained, the trial court in this case filed a certification stating that it was "a plea-bargain case, and the Juvenile-Respondent has voluntarily waived the right to appeal pursuant to the plea-bargain." Additionally, we lack jurisdiction over an appeal of an order of a juvenile court filed by a parent when the juvenile-respondent has not joined the appeal or expressed a desire to appeal. *See In re A.M.M.*, No. 09-03-046-CV, 2003 Tex. App. LEXIS 3119, at \*2 (Tex. App.—Beaumont Apr. 10, 2003, no pet.) (mem. op.); *see also In re I.D.W.*, No. 02-12-00160-CV, 2012 Tex. App. LEXIS 4947, at \*\*1-2 (Tex. App.—Fort Worth June 21, 2012, no pet.) (mem. op.) (dismissing an appeal of the probation adjudication of a juvenile filed by the father in part because the juvenile had not expressed a desire to appeal).

Section 155.001 of the Family Code, which addresses SAPCRs, states that "Except as otherwise provided by this section, a court acquires continuing, exclusive jurisdiction *over the matters provided for by this title* in connection with a child on the rendition of a final order." *See* Tex. Fam. Code Ann. § 155.001(a) (emphasis

5

added). Title 5 of the Family Code concerns The Parent-Child Relationship and the Suit Affecting the Parent-Child Relationship. *See id.* §§ 101.001-266.013. Title 3 of the Family Code concerns the Juvenile Justice Code. *See id.* §§ 51.01-61.107. The court designated as the county's juvenile court "has exclusive original jurisdiction over proceedings under this title." *Id.* § 51.04(a), (b). Therefore, the Legislature has provided that a juvenile court has exclusive jurisdiction over juvenile justice matters and that family courts have exclusive jurisdiction over SAPCRs and the parent-child relationship. "We defer to the Legislature to craft statutes and we interpret them as written." *Liberty Mut. Ins. Co. v. Adcock*, 412 S.W.3d 492, 499 (Tex. 2013). O.M. has not identified any legal authority other than section 155.001, which we have already addressed, to support his argument that "once a court of this state has acquired the continuing, exclusive jurisdiction over the parent-child relationship, no other court of this state has jurisdiction of a suit with regard to that child." Even assuming O.M. had standing to appeal, we find his argument lacks merit. *See* Tex. R. App. P. 38.1(i).

This appeal was previously abated to the trial court for a determination whether T.M. desires to appeal. It is ordered that the appeal is reinstated on the

docket of this Court, and for the reasons explained above, the appeal is dismissed for lack of jurisdiction.[2]

APPEAL DISMISSED.

_____
LEANNE JOHNSON
Justice

Submitted on May 24, 2019
Opinion Delivered November 21, 2019

Before McKeithen, C.J., Kreger and Johnson, JJ.

---

[2] We also note that the SAPCR that O.M. argues is in conflict with the Juvenile Court's order states in relevant part: "In this Standard Possession Order 'child' includes each child, whether one or more, who is a subject of this suit while that child is under the age of eighteen years and not otherwise emancipated." According to the birthdate for T.M. given in the SAPCR, T.M. has turned eighteen during the pendency of this appeal. "[C]ourts have an obligation to take into account intervening events that may render a lawsuit moot." *Heckman v. Williamson Cty.*, 369 S.W.3d 137, 166-67 (Tex. 2012). With exceptions not applicable here, a court cannot decide a case that has become moot during the pendency of the litigation. *See id.* at 162. "A case becomes moot if, since the time of filing, there has ceased to exist a justiciable controversy between the parties—that is, if the issues presented are no longer 'live,' or if the parties lack a legally cognizable interest in the outcome." *Id.* Where the issue on appeal pertains to a SAPCR, and the child subject to the SAPCR has become an adult, there is no live controversy, and the appeal is moot. *See D.C. v. Texas Dep't of Family & Protective Servs.*, No. 03-11-00453-CV, 2012 Tex. App. LEXIS 3196, at **1-2 (Tex. App.—Austin Apr. 19, 2012, no pet.) (mem. op.). We lack jurisdiction to render an opinion on a matter that has become moot. *See Valley Baptist Med. Ctr. v. Gonzalez*, 33 S.W.3d 821, 822 (Tex. 2000) (because a mooted appeal presents no live controversy, a court has no jurisdiction to render an opinion thereon).