**Opinion issued July 8, 2021**



In The

# Court of Appeals

### For The

# First District of Texas

_____

### NO. 01-20-00840-CV

_____

## JONATHAN CHATMON D/B/A L. CHATMON & ASSOCIATES, Appellant

## V.

## SAMUEL ACOSTA AND MAYDA MEJIA, Appellees

**On Appeal from the 270th District Court**
**Harris County, Texas**
**Trial Court Case No. 2020-40121**

## MEMORANDUM OPINION

Appellant, Jonathan Chatmon, doing business as L. Chatmon & Associates,

("Chatmon"), has appealed a final judgment signed on November 30, 2020.  On

March 24, 2021, Chatmon notified this Court that he and appellees, Samuel Acosta

and Mayda Mejia (collectively, "appellees"), had settled their dispute, but no motion to dismiss has been filed. *See* TEX. R. APP. P. 42.1.

We dismiss the appeal.

The existence of an actual controversy is essential to the exercise of appellate jurisdiction. *See, e.g.*, *Valley Baptist Med. Ctr. v. Gonzalez*, 33 S.W.3d 821, 822 (Tex. 2000); *see also Hallmark Personnel of Tex. Inc. v. Franks*, 562 S.W.2d 933, 935 (Tex. App.—Houston [1st Dist.] 1978, no writ). "Appellate courts are prohibited from deciding moot controversies." *Nat'l Collegiate Athletic Ass'n v. Jones*, 1 S.W.3d 83, 86 (Tex. 1999); *see City of Farmers Branch v. Ramos*, 235 S.W.3d 462, 469 (Tex. App.—Dallas 2007, no pet.) (court may only decide issues presenting "a live controversy at the time of the decision" (internal quotations omitted)). If a controversy ceases to exist or the parties lack a legally cognizable interest in the outcome at any stage, the case becomes moot. *See Allstate Ins. Co. v. Hallman*, 159 S.W.3d 640, 642 (Tex. 2005); *Williams v. Lara*, 52 S.W.3d 171, 184 (Tex. 2001) (noting "a controversy must exist between the parties at every stage of the legal proceedings, including the appeal"). "[C]ourts have an obligation to take into account intervening events that may render a lawsuit moot." *Heckman v. Williamson Cty.*, 369 S.W.3d 137, 166–67 (Tex. 2012). If a proceeding becomes moot, the court must dismiss the proceeding for lack of jurisdiction. *See id.* at 162;

*see also Watley v. US Constr. Servs., LLC*, No. 01-16-00825-CV, 2017 WL 6327374, at *1 (Tex. App.—Houston [1st Dist.] Dec. 12, 2017, no pet.) (mem. op.).

On May 25, 2021, the Clerk of this Court notified Chatmon and appellees that the appeal may be dismissed unless they demonstrated the existence of a live controversy between them as to the merits of the appeal. *See Watley*, 2017 WL 6327374, at *1 (dismissing appeal after providing notice to parties where counsel informed appellate court parties had settled dispute but failed to file motion to dismiss); *see also Valley Baptist Med.*, 33 S.W.3d at 822 (requiring actual controversy to exist between parties to appeal for appellate court to exercise jurisdiction). None of the parties have responded to the May 25, 2021 notice or otherwise demonstrated the existence of a live controversy as to the merits of the appeal.[1] *See Watley*, 2017 WL 6327374, at *1.

---

[1] Chatmon has also failed to timely file a brief. *See* TEX. R. APP. P. 38.6(a) (governing time to file appellant's brief). On April 29, 2021 and May 25, 2021, the Court notified Chatmon that this appeal was subject to dismissal unless a brief, or a motion to extend time to file a brief, was filed within ten days of the Court's notices. *See* TEX. R. APP. P. 38.8(a) (governing failure of appellant to file brief), 42.3(b) (allowing involuntary dismissal of appeal for want of prosecution), 42.3(c) (allowing involuntary dismissal of case for failure to comply with notice or order of this Court). Despite the Court's notice that this appeal was subject to dismissal, Chatmon did not adequately respond. Thus, this appeal is also subject to dismissal for want of prosecution. *See* TEX. R. APP. P. 42.3(b), (c), 43.2(f).

Accordingly, we dismiss the appeal for lack of jurisdiction and dismiss all other pending motions as moot. *See* TEX. R. APP. P. 42.3(a), 43.2(f).

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Landau and Countiss.