

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-22-00294-CV

———————————————

TEXAS HEALTH HARRIS METHODIST HOSPITAL ALLIANCE, TEXAS HEALTH PRESBYTERIAN HOSPITAL ALLEN, TEXAS HEALTH ARLINGTON MEMORIAL HOSPITAL, TEXAS HEALTH HARRIS METHODIST HOSPITAL AZLE, TEXAS HEALTH HARRIS METHODIST HOSPITAL CLEBURNE, TEXAS HEALTH PRESBYTERIAN HOSPITAL DALLAS, TEXAS HEALTH PRESBYTERIAN HOSPITAL DENTON, TEXAS HEALTH HARRIS METHODIST HOSPITAL FORT WORTH, TEXAS HEALTH HOSPITAL FRISCO, TEXAS HEALTH HARRIS METHODIST HOSPITAL HURST-EULESS-BEDFORD, TEXAS HEALTH HEART & VASCULAR HOSPITAL ARLINGTON, TEXAS HEALTH PRESBYTERIAN HOSPITAL KAUFMAN, TEXAS HEALTH PRESBYTERIAN HOSPITAL PLANO, AND TEXAS HEALTH HARRIS METHODIST HOSPITAL SOUTHWEST FORT WORTH, Appellants

V.

CELTIC INSURANCE COMPANY, Appellee

On Appeal from the 141st District Court
Tarrant County, Texas
Trial Court No. 141-318459-20

---

Before Sudderth, C.J.; Birdwell and Wallach, JJ.
Memorandum Opinion by Chief Justice Sudderth

**MEMORANDUM OPINION**

Appellants have filed a petition for permissive interlocutory appeal, arguing that the trial court ruled on a "controlling question of law as to which there is a substantial ground for difference of opinion." Tex. Civ. Prac. & Rem. Code Ann. § 51.014(d)(1); Tex. R. App. P. 28.3(a); *see* Tex. R. Civ. P. 168. The relevant trial court orders identify the "controlling question of law" as a jurisdictional, standing-related issue allegedly raised by the "Consolidated Plaintiffs' Second Amended Original Petition."[1] But the Consolidated Second Amended Original Petition raises no such issue. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(d)(1); Tex. R. Civ. P. 168.

In its three orders authorizing this permissive appeal, the trial court notes that "Plaintiffs [i.e., Appellants] pleaded Count Three of their Consolidated Plaintiffs' Second Amended Original Petition as one for damages . . . under Chapter 541 of the Texas Insurance Code," and it asks this court to decide whether "Plaintiffs have direct, independent standing in their own right, independently of any assignment to them of benefits under such policies, to bring against Celtic [Insurance Company] an action under Chapter 541." But the Consolidated Second Amended Original Petition

---

[1] Appellants identify the "controlling question of law" by quoting from the trial court orders authorizing this permissive appeal. *Cf.* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(f) (requiring appellants to "explain[] why an appeal is warranted under Subsection (d)"); *Indus. Specialists, LLC v. Blanchard Ref. Co.*, No. 20-0174, 2022 WL 2082236, at *4 (Tex. June 10, 2022) (plurality op.) (noting that Section 51.014 "implicitly charge[s] courts of appeals with the duty to consider the party's explanation").

does not contain a Chapter 541 claim pleaded "in [Plaintiffs'] own right, independently of any assignment to them." Appellants pleaded a Chapter 541 claim as an assignee—not "in their own right."[2]

Because the independent-standing issue presented for our review is expressly grounded in "Count Three of the[] Consolidated Plaintiffs' Second Amended Original Petition," and because count three of that petition does not allege independent standing under Chapter 541, the issue before us is entirely hypothetical. A hypothetical legal question in a case is not a "controlling question of law." *See ADT Sec. Servs., Inc. v. Van Peterson Fine Jewelers*, No. 05-15-00646-CV, 2015 WL 4554519, at *2–3 (Tex. App.—Dallas July 29, 2015, no pet.) (mem. op.) (holding that a "request [for] an advisory opinion on charging the jury on retrial" was not a controlling question of law and dismissing permissive interlocutory appeal for want of jurisdiction). Plus, even outside the context of permissive interlocutory appeals on "controlling question[s] of law," we lack subject matter jurisdiction to issue advisory

---

[2]In their petition for permissive interlocutory appeal, Appellants state that, after the trial court rejected their Chapter 541 assignee claims, they filed a motion for new trial and "argued that even if they did not have standing via assignment to bring a Chapter 541 claim against Defendant . . . , Plaintiffs still had direct and independent standing on their own to bring such a claim for damages caused by Defendant's unfair settlement practices." Regardless, Appellants did not incorporate any of their independent-standing arguments into their Consolidated Second Amended Original Petition, and the narrow issue presented for our review turns on the standing as pleaded in "Count Three of the[] Consolidated Plaintiffs' Second Amended Original Petition."

opinions. *See* Tex. Const. art. II, § 1; *Valley Baptist Med. Ctr. v. Gonzalez*, 33 S.W.3d 821, 822 (Tex. 2000).

We therefore deny Appellants' petition for permissive interlocutory appeal for want of jurisdiction. *See Indus. Specialists*, 2022 WL 2082236, at *3 (plurality op.) ("The courts have no discretion to permit or accept an appeal if the two requirements [in Tex. Civ. Prac. & Rem. Code Ann. § 51.014(d)] are not satisfied."); *id.* at *12 (Busby, J., dissenting) (agreeing "with the plurality that courts of appeals have no discretion to permit or accept an appeal when section 51.014(d)'s requirements are not satisfied," but opining that courts of appeals must explain why the statutory requirements are not satisfied (internal quotation marks omitted)).

/s/ Bonnie Sudderth

Bonnie Sudderth
Chief Justice

Delivered: August 8, 2022