# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-21-00305-CV

**Dianne Hensley, Appellant**

**v.**

**State Commission on Judicial Conduct; David Schenck, in his official capacity as Chair of the State Commission on Judicial Conduct; Janis Hold, in her official capacity as Vice-Chair of the State Commission on Judicial Conduct; Frederick C. Tate, in his official capacity as Secretary of the State Commission on Judicial Conduct; and David C. Hall, David M. Petronella, Sujeeth B. Draksharam, Ronald E. Bunch, Valerie Ertz, M. Patrick Maguire, Clifton Roberson, Lucy M. Hebron, Gary L. Steel, and Katy P. Ward, in their official capacities as Members of the State Commission on Judicial Conduct, Appellees**

### FROM THE 459TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-20-003926, THE HONORABLE JAN SOIFER, JUDGE PRESIDING

## CONCURRING OPINION

Because I agree with the Court's disposition but not its analysis, I concur in the judgment only.

To the extent that Dianne Hensley seeks to challenge the Commission's investigation and subsequent disciplinary action, she could have sought de novo review of the Commission's decision by a special court of review but chose not to do so. *See* Tex. Gov't Code § 33.034 (providing review of Commission's decision). Thus, she may not complain in this case about the Commission's disciplinary action and is foreclosed from separately litigating her asserted defense to that action that her conduct was protected under the Texas Religious Freedom Restoration Act (TRFRA). *See* Tex. Civ. Prac. & Rem. Code § 110.004; *Hagstette v. State*

*Comm'n on Judicial Conduct*, No. 01-19-00208-CV, 2020 Tex. App. LEXIS 9838, at *14 (Tex. App.—Houston [1st Dist.] Dec. 15, 2020, no pet.) (mem. op.); *see also Patel v. Texas Dep't of Licensing & Reg.*, 469 S.W.3d 69, 79 (Tex. 2015) ("[C]ourts will not entertain an action brought under the UDJA when the same claim could be pursued through different channels."). Although the Court reaches this conclusion, it then unnecessarily and, in my view improperly, discusses and describes the Commission's investigation and actions. *See Valley Baptist Med. Ctr. v. Gonzalez*, 33 S.W.3d 821, 822 (Tex. 2000) (stating that under article II, section 1 of Texas Constitution, "courts have no jurisdiction to issue advisory opinions").

Further, I would decide Hensley's TRFRA claims on the ground that she did not comply with its notice provisions. *See* Tex. Civ. Prac. & Rem. Code § 110.006 (addressing notice requirements). I do not agree with the Court's analysis or its ultimate determinations about those claims or the evidence surrounding those claims, particularly the Court making an implicit finding by the Commission that its investigation and disciplinary action did not substantially violate Hensley's free exercise of religion and that this implied finding foreclosed any future claims. The TRFRA's express statutory language waives sovereign immunity and allows a plaintiff to seek compensatory damages and "injunctive relief to prevent [a] threatened violation" when a governmental entity is violating or has threatened to violate the plaintiff's right to religious freedom. *See id.* §§ 110.005 (addressing available remedies), .008 (addressing waiver of sovereign immunity to suit and from liability to extent liability is created by section 110.005).

For these reasons, I concur in the judgment only.

_____

Melissa Goodwin, Justice

Before Justices Goodwin, Baker, and Smith

Filed:   November 3, 2022