# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO.  03-21-00681-CV

---

**Austin Parents for Medical Choice, Loni Faye Neuffer, Steve Wagner, Sarah Wagner, Collette Antoine, and Tom Lonsdale for themselves and minor children, Appellants**

**v.**

**Austin Independent School District, Matias Segura, Candace Hunter, Kathryn Whitley Chu, Arati Singh, Dr. David Kauffman, Ofelia Zapata, Kevin Foster, Andrew Gonzales, Lynn Boswell, and Noelita Lugo, in their Official Capacities, Appellees**

---

### FROM THE 250TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-21-005603, THE HONORABLE KARIN CRUMP, JUDGE PRESIDING

---

## D I S S E N T I N G   O P I N I O N

I respectfully dissent.  The Court addresses the trial court's jurisdiction to consider the substance of appellants' claims concerning Austin Independent School District's rescinded COVID-19 face-covering mandate and quarantine policy (collectively, the "AISD policy"), but this Court does not have jurisdiction to do so.  Because there is no longer a justiciable controversy between the parties, appellants' suit is moot.  *See State v. Elgin Indep. Sch. Dist.*, No. 03-21-00514-CV, 2023 Tex. App. LEXIS 1191, at *3 (Tex. App.—Austin Feb. 24, 2023, no pet.) (mem. op.) (concluding that State's suit concerning school district's mask mandate was moot and that there no longer was a justiciable controversy between parties because school district had rescinded mask mandate); *State v. City of Austin*, No. 03-20-00619-CV, 2021 Tex. App. LEXIS 2651, at *26–27 (Tex. App.—Austin, Apr. 8, 2021, no pet.) (mem. op.)

(concluding that State's claims for injunctive relief concerning city's expired pandemic-related local orders were moot).

The mootness doctrine is a threshold matter because it concerns this Court's subject-matter jurisdiction. *City of Austin*, 2021 Tex. App. LEXIS 2651, at *8. The doctrine "applies to cases in which a justiciable controversy exists between the parties at the time the case arose, but the live controversy ceases because of subsequent events." *Matthews v. Kountze Indep. Sch. Dist.*, 484 S.W.3d 416, 418 (Tex. 2016) (citing *Heckman v. Williamson County*, 369 S.W.3d 137, 161 (Tex. 2012)); *see State ex rel. Best v. Harper*, 562 S.W.3d 1, 6 (Tex. 2018) ("A case can become moot at any time, including on appeal."). "It prevents courts from rendering advisory opinions, which are outside the jurisdiction conferred by Texas Constitution article II, section 1." *Matthews*, 484 S.W.3d at 418 (citing *Valley Baptist Med. Ctr. v. Gonzalez*, 33 S.W.3d 821, 822 (Tex. 2000) (per curiam)). "A case becomes moot when: (1) it appears that one seeks to obtain a judgment on some controversy, when in reality none exists; or (2) when one seeks a judgment on some matter which, when rendered for any reason, cannot have any practical legal effect on a then-existing controversy." *Texas Health Care Info. Council v. Seton Health Plan Inc.*, 94 S.W.3d 841, 846–47 (Tex. App.—Austin 2002, pet. denied).

As a preliminary matter, the parties agree that the AISD policy and the Governor's executive order that prohibited local restrictions related to COVID-19 are no longer in force. *See* Governor of the State of Texas, Exec. Order GA-38 (issued July 29, 2021), 46 Tex. Reg. 4913, 4915 (2021).[1] Although the Court acknowledges that the AISD policy and

---

[1] GA-38 was enacted after vaccines became available in Texas and effective until June 2023, which was after Senate Bill 29 was enacted. GA-38 expressly stated that it superseded any conflicting orders issues by local officials in response to COVID-19. As to mask mandates, GA-38 expressly stated, subject to certain exceptions: "No governmental entity, including a

GA-38 are no longer in force, this Court concludes that this case is not moot because appellants continue to challenge the constitutionality of the AISD policy. But even if the Court were correct that the case is not moot, this Court should not render advisory opinions over claims within the case that are. *See Davis v. Fayette Cnty. Appraisal Dist.*, No. 03-12-00786-CV, 2014 Tex. App. LEXIS 12023, at *5–6 (Tex. App.—Austin Nov. 4, 2014, pet. denied) (mem. op.) (concluding that issue was moot, vacating portion of trial court's judgment addressing issue without reference to merits, and affirming other portions of judgment). For example, among the relief requested by appellants was a declaration about the validity of the AISD policy in light of GA-38. I would conclude at a minimum that there is no longer a justiciable controversy between the parties as to that claim concerning AISD's former policies under a former executive order.

Turning to the question of whether the entire case is moot, appellants argue that the voluntary-cessation and public-interest exceptions to the mootness doctrine preserve justiciability in this case, and the Court agrees with appellants that the voluntary-cessation exception applies without reaching the public-interest exception. But neither exception applies here. First, although a defendant's voluntary cessation of challenged conduct does not, in itself, deprive a court of the power to hear claims for prospective relief, "dismissal may be appropriate when subsequent events make it 'absolutely clear that the [challenged conduct] could not be reasonably expected to recur.'" *See Matthews*, 484 S.W.3d at 418 (quoting *Bexar Metro. Water*

---

county, city, school district, and public health authority, and no governmental official may require any person to wear a face covering or to mandate that another person wear a face covering." As to AISD's rescinded quarantine policy related to COVID-19, GA-38 also stated specifically that public schools "may operate as provided by, and under the minimum standard health protocols found in, guidance issued by the Texas Education Agency" but more generally ordering that there "are no COVID-19-related operating limits for any business or other establishment" and encouraging all persons to use good-faith efforts to follow the health recommendations of the Texas Department of State Health Services.

*Dist. v. City of Bulverde*, 234 S.W.3d 126, 131 (Tex. App.—Austin 2007, no pet.)). "Persuading a court that the challenged conduct cannot reasonably be expected to recur is a 'heavy' burden." *See id.* (citing *County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979)). Nonetheless, subsequent events relative to the parties' dispute in this case meet that burden. On June 2, 2023, the Governor signed into law Senate Bill 29, under which "a governmental entity may not implement, order, or otherwise impose a mandate requiring a person to wear a face mask or other face covering to prevent the spread of COVID-19." Act of May 28, 2023, 88th Leg., R.S., ch. 336, § 1, sec. 81B.002(a), 2023 Tex. Sess. Law Serv. ch. 336 (to be codified at Tex. Health & Safety Code § 81B.002(a)). Although the law does not take effect until September 1, 2023, *id.* § 2, which is after the start of AISD's school year, it is reasonable to presume that AISD will follow the law going forward and not impose a mask mandate related to COVID-19. *See City of Austin*, 2021 Tex. App. LEXIS 2651, at *15–16 (declining to assume that local officials would engage in similar conduct again, given Texas Supreme Court's directive to enjoin local officials from enforcing local orders concerning COVID-19, and observing that courts assume parties will follow law).

It is also reasonable to presume that AISD will not reinstate the challenged quarantine policy—related specifically to COVID-19 and drafted to rely on then-prevailing CDC guidelines and vaccine availability—again, given: (i) the current state of the pandemic, *see Stand for Something Grp. Live, LLC v. Abbott*, No. 13-21-00017-CV, 2022 Tex. App. LEXIS 7719, at *11–13 & fn. 6 (Tex. App.—Corpus Christi–Edinburg Oct. 20, 2022, pet. denied) (mem. op.) (contrasting cases "decided earlier in the pandemic" with later cases across country taking "overwhelming prevailing position" to decline to apply mootness exceptions to challenges to rescinded COVID-19 restrictions, "reasoning that despite the deadly surges in

4

COVID-19 cases caused by the Delta and Omicron variants, there were no indications that similar restrictions would be reimposed"); (ii) GA-38; and (iii) the Texas Supreme Court's recent opinion affirming the Governor's authority under the Texas Disaster Act to issue such an executive order, *see Abbott v. Harris County*, No. 22-1024, 2023 Tex. LEXIS 630, *4, *9, *37–38 (Tex. June 30, 2023). Thus, in my view, the voluntary-cessation exception does not apply to preserve justiciability in this case. *See Matthews*, 484 S.W.3d at 418.

Second, based on the same subsequent events stated above, the public-interest exception does not apply to preserve justiciability in this case. The public-interest exception "expands the capable-of-repetition exception to include parties other than those involved in the current case" and "allows appellate review of a question of considerable public importance if that question is capable of repetition between either the same parties or other members of the public but for some reason evades appellate review." *City of Austin*, 2021 Tex. App. LEXIS 2651, at *19 (citing *University Interscholastic League v. Buchanan*, 848 S.W.2d 298, 304 (Tex. App.—Austin 1993, no writ)); *see also Williams v. Lara*, 52 S.W.3d 171, 184 (Tex. 2001) (stating that capable-of-repetition-but-evading-review exception "applies only in rare circumstances" and that it requires plaintiff to prove that "the challenged action was too short in duration to be litigated fully before the action ceased or expired" and "a reasonable expectation exists that the same complaining party will be subjected to the same action again").

Given the Governor's executive order, the Texas Supreme Court's recent opinion affirming the Governor's authority to issue the order, the recent legislation, and the state of the pandemic, there is not a reasonable expectation that AISD or another school district will again implement a similar policy to the challenged provisions of the AISD policy: mandated face-coverings and quarantine procedures specifically related to COVID-19. *See Harris County*,

5

2023 Tex. LEXIS 630, at *37–38; *City of Austin*, 2021 Tex. App. LEXIS 2651, at *15–16, *18–21. Further, appellants' issues challenging the trial court's dismissal of their claims concerning the AISD policy are not the types of questions that would warrant application of the public-interest exception to preserve justiciability. *See City of Austin*, 2021 Tex. App. LEXIS 2651, at *18–21 (concluding that State's claims did not fall within public-interest exception to mootness); *see, e.g.*, *Morath v. Lewis*, 601 S.W.3d 785, 789 (Tex. 2020) (per curiam) ("Indeed, the need for courts to mind their jurisdictional bounds is perhaps at its greatest in cases involving questions of public importance, where the potential for undue interference with the other two branches of government is most acute.").

Because appellants' suit is moot, I would vacate the trial court's order granting appellees' plea to the jurisdiction and dismiss the appeal and the underlying case for want of jurisdiction. *See Heckman*, 369 S.W.3d at 162 ("If a case is or becomes moot, the court must vacate any order or judgment previously issued and dismiss the case for want of jurisdiction.").

For these reasons, I respectfully dissent.

_____

Rosa Lopez Theofanis, Justice

Before Justices Baker, Triana, and Theofanis

Filed:   August 10, 2023

6