

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-25-00419-CV

_____

IN RE ROBERT EDWARD DAVIS, Relator

---

Original Proceeding
233rd District Court of Tarrant County, Texas
Trial Court No. 233-704630-21

---

Before Bassel, Wallach, and Walker, JJ.
Memorandum Opinion by Justice Wallach

**MEMORANDUM OPINION**

Relator Robert Edward Davis filed a petition for a writ of habeas corpus attacking the trial court's August 14, 2025 capias. After Davis filed his petition, on August 18, 2025, the trial court vacated the August 14, 2025 capias. Accordingly, we deny Davis's petition for writ of habeas corpus as moot, and to the extent that Davis seeks additional relief not within the scope of a habeas proceeding, we dismiss those portions for want of jurisdiction.

## I.  Discussion

The purpose of a habeas corpus proceeding is to determine whether the relator has been unlawfully restrained. *See In re Lozano*, 696 S.W.3d 222, 229 (Tex. App.—San Antonio 2024, orig. proceeding). A capias constitutes a sufficient restraint of liberty to support a petition for writ of habeas corpus. *Id.*

Within his petition, Davis sought—in addition to other relief—that we compel the trial court to vacate the August 14, 2025 capias. The trial court mooted this requested relief when it vacated the capias on August 18, 2025. *See Valley Baptist Med. Ctr. v. Gonzalez*, 33 S.W.3d 821, 822 (Tex. 2000). Davis is no longer under any restraint, lawful or unlawful. Accordingly, we deny Davis's petition for writ of habeas corpus as moot.

Within Davis's petition, however, he sought other relief such as enforcing a Section 18a(f) stay regarding recused or disqualified judges, *see* Tex. R. Civ. P. 18a(f); prohibiting various individuals from future conduct; sanctioning various persons "up

2

to $10,000 per violation"; referring others to the State Bar for disciplinary proceedings; and referring other "actors" to the State and Federal authorities for prosecution. These other requests for relief go well beyond our jurisdiction to grant in a habeas proceeding, which is statutorily limited to determining whether a relator's liberty has been improperly restrained. *See* Tex. Gov't Code Ann. § 22.221(d); *see also In re J.M.*, No. 10-25-00078-CV, 2025 WL 926505, at *1 (Tex. App.—Waco Mar. 27, 2025, orig. proceeding [mand. denied]) (mem. op.); *In re L.J.*, No. 02-21-00083-CV, 2021 WL 1685963, at *1 (Tex. App.—Fort Worth Apr. 29, 2021, orig. proceeding) (mem. op.); *In re Barrett*, No. 03-13-00742-CV, 2013 WL 6921312, at *3 (Tex. App.—Austin Dec. 23, 2013, orig. proceeding) (mem. op.). Thus, to the extent that Davis seeks other relief, we dismiss those portions of his petition for want of jurisdiction.

## II. Conclusion

We deny as moot Davis's petition for writ of habeas corpus. To the extent that Davis sought relief not related to any restraint on his liberty, we dismiss those portions of his petition for want of jurisdiction.

/s/ Mike Wallach
Mike Wallach
Justice

Delivered: September 11, 2025

3